(No. 20437.—

THE PEOPLE *ex rel.* Lawson M. Fore, County Collector, Appellee, *vs.* THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed December 18, 1930.*

Josiah Whitnel, and H. L. Browning, (Edward J. White, and L. R. Stewart, of counsel,) for appellant.

Fletcher Lewis, State's Attorney, for appellee.

Mr. Justice Heard delivered the opinion of the court:

The Missouri Pacific Railroad Company has appealed from a judgment of the county court of Jackson county ordering the sale of appellant's property for alleged delinquent highway taxes thereon for the year 1929, on the application of the county treasurer of that county.

The county clerk extended the county highway tax at the rate of 13 cents on each $100 of the assessed valuation of the taxable property within the county, and it was stipulated on the trial in the county court that the only question in dispute was as to the right of the county clerk to extend such tax at the rate of 13 cents instead of 12½ cents per $100 valuation. The county court held that the county clerk had such right, and in support of such holding appellee cites a provision of section 128 of the Revenue act (Smith's Stat. 1929, p. 2383,) which provides that "in the extension of taxes the fraction of a cent shall be extended as one cent," and *St. Louis, Alton and Terre Haute Railroad Co. v. People,* 224 Ill. 155, and *People* v. *Chicago and Eastern Illinois Railway Co.* 316 id. 458. In the former of these cases this court held that a rate of 73.5 cents on the $100 was properly extended as 74 cents, and in the latter it was held that a road and bridge tax levy of 42½ cents on the $100 was properly extended by the county clerk at 43 cents on the $100. These two cases were decided prior to the enactment of paragraph 304 of the Road and Bridge act, (Smith's Stat. 1929, p. 2548,) which provides as to the county highway tax, among other things, "said county high-

way tax shall not be extended at a rate exceeding twelve and one-half (12½) cents on each one hundred ($100) dollars of the assessed valuation of the taxable property within the county." Section 128 of the Revenue act was enacted in 1879 and was last amended in 1901. Paragraph 304 of the Road and Bridge act was adopted in 1921, amended in 1923, and the limitation of 12½ cents placed therein by amendment in force July 1, 1929. Section 128 of the Revenue act is a general provision with reference to the extension of taxes, while paragraph 304 of the Road and Bridge act is a specific provision relating to only one subject. "It is a well settled rule of construction that where there are two provisions, one of which is general and designed to apply to cases generally and another is particular and relates only to one subject, the particular provision must prevail and must be treated as an exception to the general provision." (*Natural Products Co.* v. *DuPage County,* 314 Ill. 74; *Dahnke* v. *People,* 168 id. 102.) Where a special act is repugnant to or inconsistent with a former general statute, a *pro tanto* repeal of the prior enacted general statute will be implied or an exception will be grafted upon the earlier act by the later one. *Lang* v. *Friesenecker,* 213 Ill. 598.

The legislature having fixed the limit of 12½ cents on the $100 valuation for the extension of the county highway tax, the county clerk had no right to extend any amount in excess of such limitation and the amount extended in excess of such limitation was void.

The judgment of the county court of Jackson county as to the tax in excess of 12½ cents on each $100 valuation is reversed.

*Judgment reversed.*