GILLIE CONLEY, Plaintiff-Appellant, v. SPRINGFIELD CLINIC *et al.*, Defendants-Appellees.

Fourth District   No. 4—84—0536

Opinion filed January 24, 1985.

Leahy & Leahy, of Springfield (Cheryl Redfield Jansen and Mary Lee Leahy, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (Gary L. Borah and Ray E. Alexander, of counsel), for appellees.

JUSTICE MILLS delivered the opinion of the court:

Medical malpractice.

Gillie Conley appeals from a summary judgment in favor of the Springfield Clinic and Dr. Alan Rubenstein, granted on the grounds that the complaint was not timely filed.

We affirm.

The complaint, filed on September 2, 1983, alleged that Dr. Rubenstein negligently severed nerves in plaintiff's neck during an operation on June 9, 1981. Plaintiff maintained that as a result of the alleged negligence her shoulder drooped and she suffered pain in the shoulder area.

In a discovery deposition, plaintiff stated that she felt pain in her shoulder since the time of the operation. On July 17, 1981, plaintiff saw Dr. Rubenstein and complained to him that she was having trouble with her shoulder. The following day, July 18, plaintiff returned to the clinic to have the sutures and dressings removed. At that time, she told Dr. Rubenstein's nurse that "[h]e's cut something that he

shouldn't have." Plaintiff also suspected at that time that something had been done wrong in the surgical procedure. Plaintiff also stated in the deposition that, at the time she had the sutures removed, her husband thought the surgery had been performed improperly and that he said he wished she had never had the surgery. (Plaintiff filed no counteraffidavits.)

In ruling on the defendants' motion for summary judgment, the trial court concluded from plaintiff's deposition that she must have known by July 30, 1981, that her condition was caused by the defendants' conduct. The court found, therefore, that the filing of the complaint on September 2, 1983, was beyond the two-year limit provided by section 13—212 of the Code of Civil Procedure. Ill. Rev. Stat. 1981, ch. 110, par. 13—212.

Section 13—212 provides in part:

"No action for damages for injury or death against any physician *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, *** of the existence of the injury or death for which damages are sought ***."

In many cases, the time at which an injured party knows or reasonably should have known both of his injury and that it was wrongfully caused will be a disputed question to be resolved by the finder of fact. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) However, where it is apparent from the undisputed facts that only one conclusion can be drawn, the question becomes one for the court. *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; see *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.

The limitation period of section 13—212 starts to run when a person knows or reasonably should know of his injury, and also knows or reasonably should know that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) At that point, the burden is on the injured party to inquire further as to the existence of a cause of action. *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.

In the present case, the facts presented in plaintiff's deposition were undisputed. They showed that by July 18, 1981, plaintiff felt pain in her shoulder and her shoulder drooped; plaintiff attributed these symptoms to the surgery performed by Dr. Rubenstein; and plaintiff complained to Rubenstein's nurse that "[h]e's cut something that he shouldn't have." It can only be concluded from these facts that—within six weeks of the surgery—plaintiff knew of her injury and attributed the injury to defendants' wrongful conduct. At that

point, the burden was upon plaintiff to make further inquiry as to the existence of a cause of action.

The complaint, filed after July 18, 1983, was untimely.

Affirmed.

GREEN, P.J., and TRAPP, J., concur.