ALAN G. BLACKWOOD *et al.*, Plaintiffs-Appellants, v. DENNIS L. RUSK *et al.*, Defendants-Appellees.

Third District   No. 3—86—0023

Opinion filed October 28, 1986.

Robert P. Swanson, of Moline, for appellants.

George B. Norman, of Boeye, Schroder, Eggers & Norman, of Rock Island, for appellees.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Rock Island County which dismissed two counts of the plaintiffs Blackwoods' complaint, and from an order denying the plaintiffs' motion to reconsider the dismissal. This appeal is brought pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)).

The defendants, Rusks, acting as their own contractor, constructed a single-family residence in Rock Island and, upon completion of the same, they occupied it on March 7, 1977. On March 16, 1979, the defendants sold the property to the plaintiffs. Sometime thereafter the residence began settling, resulting in cracks in the walls and foundation. The plaintiffs, in November 1984, had the property inspected and were advised that the residence had been constructed on loose, defective, unstable and insufficiently compacted fill material which caused the damage.

On January 23, 1985, the plaintiffs filed a three-count complaint against the defendants. Count I sought damages for breach of implied warranty of habitability; count II asked for rescission for the breach of implied warranty of habitability; and count III asked for rescission for failure of consideration.

The defendants filed a motion seeking the dismissal of plaintiffs' complaint and, in said motion, pleaded statute of limitations statutory provisions. As to counts I and II, the defendants claimed that said counts should be stricken since they were barred by section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—205). As to count III, defendants raised a limitation period in our commercial code (Ill. Rev. Stat. 1983, ch. 26, par. 2—725). During the hearings before the trial court the plaintiffs argued that the applicable statute is section 13—214 of our Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214).

The trial court ruled that the five-year statute of limitation period was applicable (Ill. Rev. Stat. 1983, ch. 110, par. 13—205) and further, during the hearing on plaintiffs' motion for reconsideration, ruled that section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1983,

ch. 110, par. 13—214) is unconstitutional.

We quarrel not with the trial court's decision that plaintiffs' action is barred by the five-year limitation period set forth in section 13—205 of our Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—205). This limitation period for an action for breach of implied warranty of habitability begins to run when a dwelling has been completed, which in the instant case was on March 7, 1977, and plaintiffs' complaint was not filed until January 23, 1985, almost eight years later, which is far in excess of the limitation period. *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 421 N.E.2d 182.

At the time the dwelling in the instant case was constructed and ready for occupancy the relevant statute of limitations prescribed a 5-year limitation period for actions premised on negligent damage to property and a 10-year limitation period for actions premised on written contracts. (Ill. Rev. Stat. 1975, ch. 83, pars. 16, 17.) On November 29, 1979, a special statute of limitations relative to actions based on tort or contract and arising out of negligent design, planning, construction, etc., of buildings became effective. This legislation prescribed a limitation period of two years from discovery of the relevant act or omission with a maximum limitation period of 12 years from the date of omission. (Ill. Rev. Stat., 1980 Supp., ch. 83, pars. 22.3(a), (b).) This legislation, with certain changes which have no bearing upon the constitutionality question later, became section 13—214 of our Code of Civil Procedure, effective July 13, 1982 (Ill. Rev. Stat. 1983, ch. 110, par. 13—214).

■ The trial court, relying upon *People· ex. rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.* (1985), 135 Ill. App. 3d 765, 482 N.E.2d 155, held the two-year limitation period to be unconstitutional. In the *Hellmuth* case the Second Appellate Court District made the following observation:

> "It is clear, however, that the immunities granted by the present statute are limited to those persons who have engaged in the design, planning, supervision, observation or management of construction or construction of the improvement and all other persons, owners, tenants, persons in possession or control and suppliers of material are still excluded from the benefits of the statute although they may be exposed to liability by reason of construction defects." 135 Ill. App. 3d 765, 772, 482 N.E.2d 155, 160.

The constitutionality of section 12—214 has been addressed by other reviewing courts. (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613; *Matayka*

*v. Melia* (1983), 119 Ill. App. 3d 221, 456 N.E.2d 353.) The instant case provides this court its first opportunity to address the issue as to the constitutionality of section 12—214. After examining the prior decisions concerning this issue, we are constrained to agree with and accept the reasoning as set forth in the *Calumet* case. We set forth the following language of the reviewing court in *Calumet* as being expressive of this courts' views:

"In passing on challenges based on the foregoing constitutional provisions, the supreme court has upheld legislation where: (1) there is a reasonable basis for differentiating between class members and non-class members; and (2) the classification bears a reasonable relationship to the purposes of the act and the evil it seeks to remedy. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 315, 402 N.E.2d 560, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 55.) In *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 225, 456 N.E.2d 353, section 13—214(a) was held to be valid in light of article IV, section 13, and the equal protection clause. (See also *C. S. Johnson Co. v. Champaign National Bank* (1984), 126 Ill. App. 3d 508, 510-11, 467 N.E.2d 363.) Plaintiff, urging a reconsideration of this issue in light of the legislative history of section 13—214, includes in the record on appeal a transcript of the hearing of April 10, 1979, before the judiciary committee of the House of Representatives, wherein section 13—214 was described as an effort to circumscribe the potentially unlimited tort liability of those who design and construct buildings. Plaintiff argues that, although the statute of repose embodied in section 13—214(b) is reasonably related to this purpose, the two-year 'discovery' period of section 13—214(a) is not.

We must reject plaintiff's contentions. Both the two-year 'discovery' period, as well as the 12-year statute of repose, appear reasonably related to the statute's stated purpose. Plaintiff's bald assertion that the two-year period is unreasonable does not suffice to overcome the presumption of the provision's validity. See *Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42, 50, 416 N.E.2d 1082.

Furthermore, plaintiff's reliance on *Skinner v. Anderson* (1967), 38 Ill. 2d 455, 231 N.E.2d 588, is misplaced. There, the supreme court held invalid as special legislation a four-year statute of repose which, in certain instances, would have effectively barred actions against architects and contractors before the aggrieved party would even have become aware of a right

of action. Section 13—214(a) does not suffer from a similar infirmity, as the 'discovery' provision embodied therein expressly affords litigants two years to commence an action, measured from the date that they become aware or should have become aware of their right to sue." *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 614-15, 483 N.E.2d 613, 617.

Having determined that section 13—214 (Ill. Rev. Stat. 1983, ch. 110, par. 13—214) is constitutional, we must now determine if the statute supports a breach of implied warranty action by the plaintiffs. Before addressing this question it is necessary that we set forth additional history of section 13—214. As previously stated, the statute was enacted on November 29, 1979, and was contained in "An Act in regard to limitations" (the Limitations Act) (Ill. Rev. Stat., 1980 Supp., ch. 83, pars. 22.3(a), (b)). The statute also provided: "The limitations of this Section shall apply to all acts or omissions which occur on or after the effective date of this amendatory act of 1979." (Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3(e).) On September 16, 1981, the statute was reenacted without the above quoted language. (Ill. Rev. Stat. 1981, ch. 83, par. 22.3.) The Code of Civil Procedure as originally enacted contained the language of the initial version of former section 21.3 of the Limitations Act (Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3) and thus the savings clause contained in subsection (e) of former section 213 again became effective on July 1, 1982. (See Ill. Rev. Stat. 1981, ch. 110, par. 13—214(e).) On July 13, 1982, however, section 13—214 of the Code was reenacted *without the savings clause.* Ill. Rev. Stat., 1982 Supp., ch. 110, par. 13—214.

It is defendants' contention that when the legislation was enacted which later became section 13—214 the statute provided: "The limitations of this Section shall apply to all acts or omissions which occur on or after the effective date of this amendatory Act of 1979." (Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3(e).) Predicated on this language defendants argue that the house in question was constructed in 1977, and it was purchased by plaintiffs on March 16, 1979, and that both dates are prior to the effective date of the Act, which was November 29, 1979. Simply stated, it is defendants' contention that under section 13—214 and its predecessors the plaintiffs never did have a right to bring an action by virtue of the legislation. Defendants further argue that section 13—214 cannot be construed to operate retroactively.

We disagree with the defendants' contention. As heretofore noted, the legislature, on September 16, 1981, reenacted the 1979 act (Ill.

Rev. Stat., 1980 Supp., ch. 83, pars. 22.3(a), (b)), but without the language which provided, "The limitations of this Section shall apply to all acts or omissions which occur on or after the effective date of this amendatory act of 1979." The omission of this language broadened the applicability of the 1979 statute so that it would within its parameters apply to actions based on tort or contract and arising out of negligent design, planning, construction, etc., of buildings which occurred prior to November 29, 1979, as well as to those which occurred subsequent to this date. *Champaign County Nursing Home v. Petry Roofing* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847.

The pertinent provisions of the act provided as follows:

"As used in this Section 'person' means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his privity, knew or should reasonably have known of such act or omission.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission; provided, however, that any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a)." Ill. Rev. Stat. 1981, ch. 83, pars. 22.3(a), (b).

As previously stated, the above-noted statutory provisions were placed in our Code of Civil Procedure and are now referred to as section 13—214 of the Code. We note from the foregoing statutory language that an action for breach of implied warranty of habitability shall be commenced within two years from the time the person bringing the action knew or should reasonably have known of such act or omission; however, subsection (b) of section 13—214 bars an action after 12 years with some extension of a period of additional time if the discovery was less than the 12-year discovery period.

The dwelling in question was built by the defendants in 1977 and occupied by them on March 7, 1977. The complaint of the plaintiffs alleged that the defects complained of are latent and became known

to them in November 1984 when professional engineers inspected the property. Their complaint was filed in January of 1985.

In considering a motion to dismiss, all facts well pleaded are admitted by the movant. *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 493 N.E.2d 1022; *Loughman Cabinet Co. v. C. Iber & Sons* (1977), 46 Ill. App. 3d 873, 361 N.E.2d 379.

An examination of plaintiffs' complaint establishes that the allegations contained therein are sufficient to state a cause of action within the limitation periods prescribed in section 13—214.

For the reasons stated, the judgment of the circuit court of Rock Island County is reversed and this case is remanded for further proceedings.

Reversed and remanded.

STOUDER and BARRY, JJ., concur.