MELANIE J. TRAMUTOLA, Indiv. and as Adm'r of the Estates of James Tramutola *et al.*, Deceased, Plaintiff-Appellant, v. STANLEY ROTT *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—2488

Opinion filed May 29, 1987.

Gregory J. Olmstead, of Fraterrigo, Best & Beranek, of Chicago, for appellant.

Stephen E. Sward and Nancy A. McKeating, both of Rooks, Pitts & Poust, of Chicago, for appellees.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Melanie J. Tramutola, individually and as administrator of the estates of her husband, James Tramutola, and their three children, Michael Tramutola, Daniel Tramutola and Jessica Tramutola, filed an action for their wrongful deaths from a fire in their home. Plaintiff alleged that the fire was caused by the negligence of defendants Stanley and Stella Rott, the previous owners, in the construction of an addition to the house. The defendants filed a motion for summary judgment on the grounds that plaintiff's action was barred by the statute of limitations. The trial court granted the motion. Plaintiff appeals. The issue on review is whether the trial court erred in granting summary judgment for the defendants.

Plaintiff's husband and their three children died in a fire in their home located in Schaumburg, Illinois, on April 5, 1982. On March 10, 1983, plaintiff filed a wrongful death action in which she named John Doe as the defendant and in which she sought recovery for the wrongful death of her husband and three children, loss of consortium

and for her own personal injury. Plaintiff alleged that the defendant John Doe had negligently performed construction and electrical work on the Wareham Lane residence. On May 12, 1983, plaintiff amended the complaint to name Stanley and Stella Rott as defendants.

Defendants filed a motion for summary judgment in which they alleged that the wrongful death action was brought over 14 years after completion of the construction work and was thereby barred by section 13—214(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(b)). The motion was supported by defendant Stanley Rott's affidavit in which he stated that he and his wife had owned and resided in the house located at 21 Wareham Lane, in Schaumburg, Illinois, and that the only improvement made by them during their ownership of the property was remodeling on the rear porch, that the work on the porch was completed in 1969, and that no further improvements were made on the property from 1969 to April 1974, when the property was sold by them.

Stanley Rott testified at his deposition that he and his wife purchased the Wareham Lane property from Campanelli Builders in July 1960. Rott added a patio to the home in 1962 or 1963, a screened porch in 1964 and an enclosed room in 1967. Rott also produced an application for a building permit for the porch dated July 25, 1967. Rott further testified at his deposition that the construction of the enclosed room covered a three-month period in 1967. He stated that all invoices, bills, and other papers relating to the construction of the enclosed room had been thrown away.

Defendant Stella Rott testified at her deposition that she had thrown away all of the old receipts pertaining to the construction of the enclosed room, except for the building permit application which she found in their bank safety deposit box.

Keith Paul, a field supervisor for the building department of Schaumburg, was also deposed. Paul stated that a fire in the village hall in April 1972 destroyed all of the building permit records prior to that date. He also testified that he did not know when the Wareham Lane property addition was constructed. At the deposition, after Paul was shown the July 25, 1967, application for the building permit for the porch, he stated that he recognized the deceased building commissioner's signature thereon and that Building Commissioner Slingerland was the only man in the department in 1967. Paul said that the building permit did not resemble the permit currently used by the building department. He further stated there presently was a difference between a permit for a porch addition and a permit for a room addition and that he was not familiar with the forms used by

Mr. Slingerland to describe various types of construction and the fees charged in 1967 for permits.

Upon review of the pleadings, affidavits, depositions and other evidence, the trial court found that the question as to whether construction on the Wareham Lane property was completed in 1967 or 1969 did not raise a material factual issue that would estop the plaintiff's action from being barred by the statute of limitations.

Plaintiff contends that there was a genuine issue of material fact as to whether the construction occurred in 1967 or 1969, which precluded the entry of summary judgment for the defendants.

Section 13—214(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a), (b)[1] provides:

"(a) Actions *** shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such an act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a) of this Section."

Plaintiff argues that the uncertainty of the dates, 1967 or 1969, for the construction of the room addition raised an issue of material fact. We disagree. Upon review of the record we do not find that the evidence presented an issue of material fact on the date of the last construction of the last remodeling addition to the house that would preclude the applicability of the statute of limitations to the instant action.

Plaintiff contends that there is a discrepancy between Rott's sworn affidavit and his deposition testimony. Rott's affidavit stated that the construction work had been completed in 1969. Yet Rott testified at his deposition that the construction work was completed in 1967. Rott's affidavit was executed before his deposition. Mrs. Rott located the July 25, 1967, application for the building permit after Mr.

---

[1]Section 13—214(b) was amended effective September 18, 1985, to reduce the limitation period from 12 to 10 years and extend from two to four years the period to file after discovery. (Ill. Rev. Stat. 1985, ch. 110, par. 13—214(b).) Although not affecting the result of this case, the statute has been held to be retroactive. See *DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796, 448 N.E.2d 1220.

Rott's affidavit was submitted but before his deposition was taken, which explains the discrepancy.

Plaintiff also argues that Mr. Rott's testimony that the remodeling was completed a few years after 1964 or 1965 raised an inference that the construction could have been completed within 12 years of the filing of the lawsuit. The trial court found that there was no evidence to establish that the construction was completed later than 1969. The building permit dated July 25, 1967, substantiated this finding. We find no evidence to the contrary in the record. The trial court properly granted defendants' motion for summary judgment and the ruling will not be disturbed.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.