ANDREW GRIMMIG, Plaintiff-Appellant, v. ST. CLAIR COUNTY *et al.*, Defendants-Appellees.

Fifth District    No. 5—88—0351

Opinion filed December 6, 1989.

Steven E. Katzman, of Belleville, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, William F. Kopis, and Gerald Haberkorn, of counsel), for appellees Hellmuth, Obata & Kassabaum, Inc., and Weisenstein, Hausmann, Ganschinietz & Klingel, Inc.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Andrew Grimmig, appeals from the order of summary judgment entered May 31, 1988, in the circuit court of St. Clair County in favor of defendants, two architecture firms, Hellmuth, Obata & Kassabaum, Inc. (HOK), and Weisenstein, Hausmann, Ganschinietz & Klingel, Inc. (WHGK).

On October 19, 1984, plaintiff, a blind man, was injured as he ex-

ited the circuit court of St. Clair County through the handicap exit. On February 28, 1986, plaintiff filed his original complaint, which named St. Clair County as the sole defendant. Defendants HOK and WHGK, the architecture firms, were added as party defendants in plaintiff's amended complaint filed October 3, 1986. In his amended complaint, plaintiff alleged negligence on behalf of HOK and WHGK, individually, in the design of the premise wherein plaintiff was injured.

The specific allegations of negligence pleaded in plaintiff's complaint against defendants HOK and WHGK were the following acts or omissions:

1. Negligently and carelessly designed the exit for handicapped persons in that it failed to provide for the safety and protection of blind persons;

2. Negligently and carelessly designed the brick ledge leading from the exit for handicapped persons next to the steps leading down to the intersection of Washington and First Streets;

3. Negligently and carelessly failed to design a railing or barrier of any kind to prevent blind people from walking onto the brick ledge; and,

4. Negligently and carelessly failed to design a warning of the brick ledge's presence next to the steps leading down to the intersection of Washington and First Streets.

Each of these allegations speak in terms of "design" or "failure to design." No allegation of negligence other than the "design" or "failure to design" is spoken of in these allegations, or at any other point in the counts against the defendant architecture firms.

In response to plaintiff's amended complaint, defendants HOK and WHGK filed answers denying plaintiff's allegations of negligent design. Additionally, HOK and WHGK each filed an affirmative defense claiming that plaintiff's complaint was barred by the applicable statute of limitations. On October 30, 1987, HOK and WHGK filed a motion for summary judgment, stating that all design and specifications for the St. Clair County court building were completed on or before January 19, 1972, and, therefore, plaintiff's complaint filed in 1986 was barred by the applicable statute of limitations.

Section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—214(b)) states that "[n]o action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time

of such act or omission." On May 31, 1988, the trial court granted summary judgment in favor of HOK and WHGK. Plaintiff appeals. We affirm.

■■ When a plaintiff appeals from the entry of summary judgment in favor of defendant, the question on review is whether there is a genuine issue as to any material fact. (*Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 514 N.E.2d 68.) Although the non-moving party should not be required to prove its case to avoid summary judgment, they must present some factual basis which would arguably entitle them to judgment in their favor. (*Martin v. 1727 Corp.* (1983), 120 Ill. App. 3d 733, 458 N.E.2d 990.) In the case now before us, plaintiff has failed to present any genuine issue of material fact; therefore, the entry of summary judgment was proper.

■ As stated above, section 13—214 limits to 10 years the liability of any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property. (Ill. Rev. Stat. 1987, ch. 110, par. 13—214(b).) The legislature's intent in passing section 13—214 was to circumscribe the potentially unlimited tort liability of those who design and construct buildings, and the application of this statute of limitations has been upheld by Illinois courts. (See *Blackwood v. Rusk* (1986), 148 Ill. App. 3d 868, 500 N.E.2d 69, and *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613, cited therein.) Plaintiff in the present case presents no persuasive reason to deviate from application of section 13—214.

■■ In his brief, plaintiff states that no reported Illinois case has addressed the question regarding at what point the statute of limitations under section 13—214 begins to run. Plaintiff then proceeds to cite authority from other jurisdictions in support of the alternative propositions that the statute of limitations should not begin to run until: (1) the construction of the St. Clair County courthouse was completed; (2) the professional relationship between the defendant architects and St. Clair County had terminated; or (3) St. Clair County gave final approval to defendants' design plans. We refuse to accept these proposed times for the initiation of the statutory period within which an action may properly be brought under section 13—214. Instead, we apply the statute as written, giving effect to its plain and unambiguous terms. *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.

Under section 13—214, the statute of limitations lasts 10 years from the alleged act or omission. In this case, plaintiff's complaint al-

leges that defendant architects designed the courthouse exit such that it was unsafe for a blind person, or failed to design the exit such that it was safe for use by a blind person. This allegedly negligent design, or failure to design, constitutes the "act or omission" referred to in section 13—214. Accordingly, section 13—214 limits to 10 years the liability of defendant architects for their work in designing the courthouse.

Plaintiff states in his response to defendants' motion for summary judgment that the statute of limitations does not begin to run until the design plans submitted by defendants are approved. According to plaintiff, defendants indicated in their answers to interrogatories that they were unaware of the date upon which the design plans were approved· The interrogatories containing such a response were not attached to plaintiffs' response to the motion for summary judgment, nor do we find them as part of the common law record on appeal.

In his brief filed on appeal, plaintiff contends that the statute of limitations does not begin to run until the termination of the relationship between defendants and St. Clair County, which allegedly continued during construction of the designed structure. According to plaintiff, defendants indicated in their response to interrogatories that they had a representative on location at the work site during parts of the construction. This, plaintiff argues, brings into question the date upon which defendants' "act" or "omission" terminated for the purpose of determining the initiation date for the statute of limitations, thus presenting a question of fact sufficient to preclude summary judgment. Again, the record does not contain the interrogatories containing such a response.

Because plaintiff has failed to present any factual support for the preceding claims, they may be considered only surmise or conjecture, which is not sufficient to establish a genuine issue of material fact necessary to withstand a motion for summary judgment. (*Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 468 N.E.2d 477.) The very purpose of summary judgment procedures is to determine whether any genuine issue of material fact exists and to summarily dispose of cases where none does exist so as to avoid congestion of trial calendars and the expense of unnecessary trials. In the present case, plaintiff's complaint contains allegations against defendants HOK and WHGK complaining of their negligence in designing the exit of the court building. Plaintiff's complaint does not allege negligence on behalf of these defendants in supervising, managing or observing the construction of the court building.

Defendants, on the other hand, instead of relying on surmise or

conjecture to support their motion for summary judgment, submitted a copy of the cover of the design specifications dated January 19, 1972, a copy of plan sheets dated January 19, 1972, and an affidavit establishing that the drawings and specifications of the courthouse were issued on or about January 19, 1972. The affidavit further states that no alterations or changes of the plans were made after January 19, 1972. Because plaintiff's injury occurred on October 19, 1984 (more than 10 years after defendants' acts or omissions), the statute of limitations had expired, and defendants could not be held liable for plaintiff's injuries.

Section 13—214 was interpreted similarly in *Zielinski v. A. Epstein & Sons International, Inc.* (1989), 179 Ill. App. 3d 340, 534 N.E.2d 644. In *Zielinski*, the architect and general contractor of a building were named as defendants in a personal injury action arising out of an accident occurring in the structure designed by defendant architect and constructed by defendant contractor. Defendants successfully moved for summary judgment, arguing that plaintiff's action was barred by the statute of limitations because more than 10 years had elapsed between the time of completion of the actual work performed and the time of plaintiff's injury. The appeal in *Zielinski* focuses on the same question we are asked to address in the instant case—at what time the statute of limitations begins to run.

Plaintiff in *Zielinski* argued that, although the actual work performed by defendants may have been completed more than 10 years prior to his injuries, there remained paper work necessary to complete the job. Additionally, plaintiff argued that there was a continuation of a special relationship which offered the possibility that defendants may have been required to correct any problems arising prior to the final closing of the job. In sum, plaintiff argued that the statute of limitations did not begin to run until the last act associated with the construction had been completed. The appellate court affirmed the summary judgment in favor of defendants, finding unpersuasive plaintiff's argument that paper work and a continuing relationship could postpone initiation of the statute of limitations.

On the record before us we find *Zielinski* authoritative and rule that plaintiff's injury in the case now before us occurred more than 10 years after the acts or omissions alleged as the basis for defendants' liability. Consistent with the intention of section 13—214 to limit to 10 years the potential liability of architects, and other persons involved in the construction or improvement of structures (*Blackwood v. Rusk* (1986), 148 Ill. App. 3d 868, 500 N.E.2d 69), we find that the acts or omissions for which defendant architects could arguably be subject to

liability occurred more than 10 years prior to plaintiff's injury; therefore, defendants were entitled to summary judgment as a matter of law.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.