(No. 71303.—

GERALD HERNON, Appellee, v. E.W. CORRIGAN CONSTRUCTION COMPANY, Appellant.

*Opinion filed June 9, 1992.*

Schaffenegger, Watson & Peterson, Ltd., and
Laughlin, Cunningham, Hare & Fanone, all of Chicago

(Donald G. Peterson, John J. Piegore and Anthony V. Fanone, of counsel), for appellant.

Hilfman & Fogel, P.C., of Chicago (Louis Hilfman and John M. Kovac, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

This interlocutory appeal involves the following certified question:

"If an action is based upon tort for an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property, is the cause of action for bodily injury which is pled either under common law negligence or the Structural Work Act but not filed within two years after the cause of action accrued barred by [section 13—202 of the Code of Civil Procedure]?"

On April 21, 1989, the plaintiff, Gerard Hernon, filed his two-count, first-amended complaint in the circuit court of Du Page County adding E.W. Corrigan Construction Company as a party defendant. Plaintiff, a construction worker, sought to recover damages for personal injuries he suffered on July 29, 1986, when he fell while attempting to descend from a roof at a construction site. Count I of his amended complaint alleged a violation of the Illinois Structural Work Act, whereas count II alleged negligence on the part of defendant Corrigan. Initially, on March 8, 1990, the circuit court dismissed defendant Corrigan because the first-amended complaint adding Corrigan was not filed within the two-year statute of limitations for personal injuries. (See Ill. Rev. Stat. 1989, ch. 110, par. 13—202.) Plaintiff then filed a motion to reconsider the dismissal of Corrigan, arguing that the four-year statute of limitations for acts or omissions relating to construction applied. Ill. Rev. Stat. 1989, ch. 110, par. 13—214(a).

On June 19, 1990, the circuit court vacated its March 8 order dismissing Corrigan from the action, and held that the four-year statute of limitations as set out in section 13—214(a) applied rather than the two-year statute of limitations set out in section 13—202. Subsequently, defendant Corrigan moved the circuit court to certify a question of law under Supreme Court Rule 308 for interlocutory appeal to the appellate court. The circuit court agreed, certifying the above question. The appellate court denied defendant Corrigan's petition for leave to appeal pursuant to Rule 308 (134 Ill. 2d R. 308). We, however, granted Corrigan's petition for leave to appeal (134 Ill. 2d R. 315).

As the question certified by the circuit court indicates, the central issue in this case is whether the two-year personal injury statute of limitations or the four-year building construction statute of limitations applies to plaintiff's cause of action. We hold, as the circuit court did, that the four-year building construction statute of limitations governs plaintiff's cause.

Section 13—202 of the Code of Civil Procedure reads:

"Personal Injury—Penalty. *Actions for damages for an injury to the person*, or for false imprisonment, or malicious prosecution, \*\*\* shall be commenced within 2 years next after the cause of action accrued \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 13—202.

Section 13—214 of the Code reads, in part:

"Construction—Design management and supervision. As used in this Section 'person' means any individual, any business or legal entity, or any body politic.

(a) *Actions based upon tort*, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her

privity, knew or should reasonably have known of such act or omission. \*\*\*

(b) *No action based upon tort*, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, pars. 13—214(a), (b).)

Subsection (a) of 13—214 is the limitations portion of the statute, whereas subsection (b) of 13—214 is commonly known as the repose portion of the statute.

After a cursory review of the limitations statutes involved in this appeal, it is apparent that a persuasive argument could be made that either statute could apply to the plaintiff's cause. Whereas section 13—202 applies to "[a]ctions for damages for an injury to the person," section 13—214(a) applies to "[a]ctions based upon tort." Plaintiff's cause of action for injuries he sustained while working at a construction site could fall neatly under either statute of limitations. However, based upon our general rules of statutory construction, our appellate court's interpretation of the repose portion of section 13—214, and the legislative history of section 13—214, we agree with the plaintiff that section 13—214(a) governs his cause.

" 'The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature.' " (*People v. Boykin* (1983), 94 Ill. 2d 138, 141, quoting *People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 73.) "In determining the legislative intent, courts should consider first the statutory language." (*Boykin*, 94 Ill. 2d at 141; *Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358.) Unambiguous terms, when not specifically defined, must be

given their plain and ordinary meaning. (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 455.) Moreover, "[t]he courts also will avoid a construction of a statute which would render any portion of it meaningless or void." (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362-63; *People v. Tarlton* (1982), 91 Ill. 2d 1, 5; *People v. Lutz* (1978), 73 Ill. 2d 204, 212.) The courts presume that the General Assembly, in passing legislation, did not intend absurdity, inconvenience, or injustice. *Harris*, 111 Ill. 2d at 363.

In this case, the statutory language in section 13—214(a), *i.e.*, "*[a]ctions based upon tort, contract or otherwise*" (emphasis added), clearly encompasses plaintiff's cause of action against Corrigan. A "tort," as defined in Black's Law Dictionary, is:

> "A private or civil wrong or injury, other than breach of contract, for which the court will provide a remedy in the form of an action for damages." (Black's Law Dictionary 1335 (5th ed. 1979).)

As this definition indicates, plaintiff's action alleging negligence and a violation of the Illinois Structural Work Act falls within the ambit of the word "tort."

However, as defendant Corrigan points out, the statutory language in section 13—202, *i.e.*, "[a]ctions for damages for *an injury to the person*" (emphasis added), also encompasses plaintiff's cause of action. While this is true, equally true is the rule of statutory construction that "[w]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail." *Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 205; *People ex rel. Myers v. Pennsylvania R.R. Co.* (1960), 19 Ill. 2d 122, 129; *People ex rel. Atwell Printing & Binding Co. v. Board of Commissioners* (1931), 345 Ill. 172; *People ex rel. Fore v. Missouri Pacific R.R. Co.* (1930), 342 Ill.

226; *McCann v. Lisle-Woodridge Fire Protection District* (1983), 115 Ill. App. 3d 702, 711; *Emulsicoat, Inc. v. City of Hoopeston* (1981), 99 Ill. App. 3d 835, 838; see also 2B N. Singer, Sutherland on Statutory Construction §§51.02, 51.05 (5th ed. 1992).

Our appellate court has on many occasions classified section 13—214(a) as a "specific" statute of limitations. (See *Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 379 (stating that section 13—214(a) is an exception to the general provisions of section 13—205, the general statute of limitations for injury to property, real or personal); *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.* (1988), 177 Ill. App. 3d 464, 473 (holding that section 13—214(a) is a specific statute of limitations for actions related to construction activities, and that it controls over section 13—204, the general statute of limitations for contribution actions); *Blackwood v. Rusk* (1986), 148 Ill. App. 3d 868, 870 (stating section 13—214 is a "special statute of limitations"); *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 612 (holding that section 13—214(a) takes precedence over the general limitations period of section 13—205).) We are in agreement with the above-cited cases holding that section 13—214(a) is a "specific" statute of limitations pertaining to construction-related activities. Section 13—202 applies generally to personal injury actions, regardless of the type of activity from which the cause of action arose. Section 13—214(a), on the other hand, applies specifically to construction-related activities. Thus, we find that it takes precedence over the general statute of limitations for personal injuries set out in section 13—202.

We also find support for our decision today in the numerous decisions of our appellate court which have repeatedly applied the 10-year repose provision of section

13—214(b) to construction-related tort actions involving personal injury. (See *St. Louis v. Rockwell Graphic Systems, Inc.* (1991), 220 Ill. App. 3d 704; *Neofotistos v. Metrick Electric Co.* (1991), 217 Ill. App. 3d 506; *Kleist v. Metrick Electric Co.* (1991), 212 Ill. App. 3d 738; *Billman v. Crown-Trygg Corp.* (1990), 205 Ill. App. 3d 916; *Cross v. Ainsworth Seed Co.* (1990), 199 Ill. App. 3d 910; *Grimmig v. St. Clair County* (1989), 191 Ill. App. 3d 632; *Zielinski v. A. Epstein & Sons International, Inc.* (1989), 179 Ill. App. 3d 340; *Tramutola v. Rott* (1987), 156 Ill. App. 3d 151; *DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796.) That subsection (a) and (b) of section 13—214 should be construed together is evident from the fact that the language in subsection (b) specifically refers to subsection (a). See Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b) (stating that "any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action *as provided in subsection (a) of this Section*" (emphasis added)).

Moreover, since both subsections (a) and (b) of section 13—214 contain identical language regarding which actions fall under the statute's dominion ("actions based upon tort, contract, or otherwise"), we believe it is logical to construe each subsection similarly. Thus, if construction-related tort actions involving personal injuries are subject to the 10-year repose period of subsection (b), tort actions involving personal injuries should also be subject to the four-year limitation period of subsection (a). To hold otherwise would be illogical and inure only to the benefit of defendant Corrigan, who would then get the benefit of the two-year statute of limitations in section 13—202 when applicable, or the 10-year statute of repose in section 13—214(b) when applicable.

Defendant Corrigan points out that none of the above-cited appellate cases were confronted with the specific issue here, *i.e.*, whether the building construction statute of limitations applies to personal injury actions *per se*. Rather, they addressed the issue of the timing of the commencement of the repose period (see *Grimmig*, 191 Ill. App. 3d 632; *Zielinski*, 179 Ill. App. 3d 340; *Tramutola*, 156 Ill. App. 3d 151), or whether certain activity constituted an "improvement to real property" under section 13—214(b) (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b)). (See *St. Louis*, 220 Ill. App. 3d 704; *Neofotistos*, 217 Ill. App. 3d 506; *Kleist*, 212 Ill. App. 3d 738; *Billman*, 205 Ill. App. 3d at 919; *Cross*, 199 Ill. App. 3d at 920.) While defendant's observation is correct, it is apparent from a reading of our appellate court cases that they *presumed* tort actions involving personal injuries fell under the purview of the building construction statute, specifically section 13—214(b). Such presumption, we believe, was correct.

Lastly, although it is unnecessary for us to delve into the legislative history of section 13—214 to support our decision in this case (see *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 152 (stating that it is unnecessary to seek guidance from legislative history where a statute is clear)), we find that excerpts from legislative debates strongly indicate that the legislature intended that section 13—214 apply to personal injury actions. Initially, we note that at the time of passage in 1979, section 13—214 (former Ill. Rev. Stat. 1981, ch. 83, par. 22.3) had a two-year statute of limitations and a 12-year statute of repose. During the legislative debates on this new building construction statute, the following comments were elicited regarding the wisdom of the repose portion of the statute. Representative Hanahan stated:

"Speaker, Members of the House. Having had some experience in the field of construction, having been an architectural superintendent, I, I stand in opposition to this bill. Based on the necessity of knowing that down the road, 10 years or even further down the road, that the architects have some liability will ensure the fact that their engineers will certainly have some responsible actions on their designs, and I speak specifically on those features of construction that happened to be hidden that are not on the surface. We're talking about anchor bolts, we talk about the straining rods, we talk about structural steel that takes years, sometimes, to show a defect in design and then collapse. *And all we read about then is the injured person*, the catastrophe that takes place when a bridge collapses 10 years after construction." (Emphasis added.) 81st Ill. Gen. Assem., House Proceedings, May 25, 1979, at 34 (statements of Rep. Hanahan).

Following these comments, Representative Stearney questioned Representative Dunn, a sponsor of this bill, regarding the wisdom of the repose section of the statute. Then, Representative Stearney stated:

"Well, Mr. Speaker and Ladies and Gentlemen of the House. Let me address the question, because it is very hard to get an answer. But, let me pose certain questions to the Members of the Assembly, and that is, *assuming eight years and one day after construction of a building, a man and a boy ... man and his son are walking passed [sic] that building, and a piece of falling marble comes down and injures the boy. Makes him a vegetable for the rest of his life.* Under the terms of his bill now, I ask you to be very careful, in reading, is that the architects and everybody in construction and management would be completely freed of all liability. The only person now that the *injured party* could go after would be the building owner." (Emphasis added.) 81st Ill. Gen. Assem., House Proceedings, May 25, 1979, at 36-37 (statements of Rep. Stearney).

Although these legislative comments focused on the repose portion of section 13—214, we believe that they

also reflect the legislature's overall intention to include tort actions involving personal injuries under section 13—214(a), the limitations portion of the statute. As we explained earlier, subsection (b) of section 13—214 explicitly refers to subsection (a), and both subsections contain the same statutory language: "actions based upon tort, contract, or otherwise." Thus, these two subsections should be read together, and construed similarly. If the legislature intended for tort actions involving personal injuries to be subject to the repose portion of section 13—214, and it appears from the comments above that it obviously did, then it would only be logical and fair for the same actions to be subject to the four-year statute of limitations set out in subsection (a) of section 13—214.

For the foregoing reasons, the question certified by the circuit court is answered in the negative: a cause of action for bodily injury based upon an act or omission in the design, planning, supervision, observation or management of construction of an improvement to real property that is not filed within two years of accrual of that action is not barred by section 13—202 of the Code of Civil Procedure. The cause is remanded to the circuit court for further proceedings.

*Certified question answered;*
*cause remanded.*