JAKE HENDERSON, Plaintiff, v. JONES BROTHERS CONSTRUCTION CORPORATION *et al.*, Defendants (Jones Brothers Construction Corporation, Third-Party Plaintiff; Peabody Midwest Construction, Inc., Third-Party Defendant; American Airlines, Inc., Cross-Plaintiff and Appellant; Jones Brothers Construction Corporation *et al.*, Cross-Defendants and Appellees).

First District (1st Division) No. 1—91—1980

Opinion filed July 20, 1992.—Rehearing denied October 22, 1992.

Coffield, Ungaretti & Harris, of Chicago (J. Timothy Eaton, Daniel P. Albers, and Jennifer T. Nijman, of counsel), for appellant.

Sweeney & Riman, Ltd., of Chicago (Kenneth J. Barrish, of counsel), for appellee Peabody Midwest Construction, Inc.

Alholm & Monahan, of Chicago (Peter A. Monahan and Debra Criche Mell, of counsel), for appellee Jones Brothers Construction Corporation.

JUSTICE O'CONNOR delivered the opinion of the court:

This appeal questions the validity of orders entered by the circuit court dismissing defendant American Airlines' third-party complaint for contribution.

We affirm for reasons which follow.

On August 25, 1986, Jake Henderson, the plaintiff in the underlying action, brought suit in the circuit court seeking damages for back injuries he allegedly sustained while working at the American Airlines construction site at O'Hare International Airport in November 1984. The complaint alleged willful violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) and various acts of negligence on the part of defendants American Airlines (American), Jones Brothers Construction (Jones Brothers), and various other defendants. In his complaint, Henderson identified Peabody Midwest Construction (Peabody) as his employer.

American was served with the summons and complaint through its registered agent, CT Corporation System, on August 29, 1986. On September 4, 1986, Olav Eklund, American's corporate insurance manager, received a copy of the summons and complaint.

On June 22, 1990, Jones Brothers filed a third-party complaint for contribution against Peabody alleging that, at the time of the occurrence, Henderson was performing work under Peabody's direction, supervision, and control.

On September 12, 1990, American filed its counterclaim for contribution against both Jones Brothers and Peabody. American alleged that, at the time of the accident, Henderson was performing work under the direction, supervision, and control of both Jones Brothers and Peabody.

Peabody and Jones Brothers subsequently filed motions seeking the dismissal of American's action, arguing that American failed to file its counterclaim within the applicable four-year statute of limitations.

After a hearing on the motions, the circuit court granted the motions to dismiss without prejudice and allowed American 30 days to file a motion to vacate the order. The court also requested that American include, in its motion, facts and supporting sworn testimony.

On February 19, 1991, American filed a motion to vacate the court's order. In support of its motion, American attached the affida-

vit of Eklund in which Eklund admitted receiving Henderson's initial complaint on September 4, 1986.

Following arguments, the court denied American's motion, ruling that the applicable statute of limitations was triggered when Eklund received the Henderson complaint on September 4, 1986. The court ruled that, on that date, American possessed sufficient knowledge that an injury had occurred on its property and that, as such, it had a duty to investigate actively the ramification of Henderson's claim. The court also found no just reason to delay appeal.

American argues that the circuit court incorrectly ruled that its action was time-barred.

■ In Illinois, the applicable statute of limitations for construction cases is the four-year period set forth in section 13—214 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 13—214.) In *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 520-21, 511 N.E.2d 706, *appeal denied* (1987), 117 Ill. 2d 543, 517 N.E.2d 1086, the appellate court held that the date the original action was filed by the plaintiff plus the statute's "discovery extension" (four years) is the time limitation for contribution actions. (*Hartford*, 158 Ill. App. 3d at 520-21.) The appellate court, however, has retreated somewhat from the rule set forth in *Hartford*. In *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.* (1988), 177 Ill. App. 3d 464, 532 N.E.2d 314, the court noted that if the key factor regarding the limitation period analysis is the underlying complaint, as the court in *Hartford* recognized, then the latest "trigger" date for discovery of the alleged negligence is the date of service rather than the date of filing. (*La Salle*, 177 Ill. App. 3d at 471.) This rationale was expanded upon in *Elsa Benson, Inc. v. Kalmon Floor Co.* (1989), 191 Ill. App. 3d 1016, 548 N.E.2d 485, *appeal denied* (1990), 131 Ill. 2d 557, 553 N.E.2d 395. There, the appellate court questioned whether the statute of limitations is triggered "automatically" by the filing of the underlying complaint. (*Benson*, 191 Ill. App. 3d at 1022.) Quoting *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416, 430 N.E.2d 976, the court concluded that the running of the statute of limitation commences when the injured person becomes " 'possessed of sufficient information concerning his injury and its cause' " to put a reasonable person on notice to determine whether actionable conduct is involved. *Benson*, 191 Ill. App. 3d at 1022.

Determining at what point a party becomes possessed of sufficient information to be under an obligation to inquire further may be a question of law. (*Tramutola v. Rott* (1987), 156 Ill. App. 3d 151, 509

N.E.2d 657; *Conley v. Springfield Clinic* (1985), 130 Ill. App. 3d 369, 474 N.E.2d 421.) Although Jones Brothers and Peabody share the burden of establishing a statute of limitations defense (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613), American has the general burden of proof under the discovery rule. Once Peabody and Jones Brothers introduced sufficient evidence, which, if uncontradicted, would entitle it to judgment as a matter of law (*Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 456 N.E.2d 958), American then had the burden of proving that the date of discovery came within the discovery exception to the statute of limitations. See *Blair v. Blondis* (1987), 160 Ill. App. 3d 184, 513 N.E.2d 157.

██ Here, the evidence reveals that American entered into a "Facility Agreement" on October 15, 1984, with Jones Brothers. Under the terms of the agreement, Jones Brothers had the exclusive care, custody, control, and direction of the work. Henderson's accident occurred on November 1, 1984. On August 25, 1986, Henderson filed his complaint, in which he named both American and Jones Brothers, among others, as defendants. The complaint also identified Peabody as Henderson's employer. According to the affidavit of Eklund, American's corporate insurance manager, he received a copy of the summons and the complaint on September 4, 1986. As of that date, American should have begun inquiries into the occurrence especially since its general contractor, Jones Brothers, was named in the suit. American should have filed its counterclaim by September 4, 1990. It did not file it until September 12, 1990.

American, citing *Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318, contends its counterclaim should not be barred because defendants were not prejudiced by an eight-day delay in filing.

We initially note that prejudice is not a consideration when a party raises the statute of limitations as a defense. (*Lerner v. Zipperman* (1982), 104 Ill. App. 3d 1098, 433 N.E.2d 1072.) In any event, *Lincoln-Way* is of no avail to American under the facts presented here. In *Lincoln-Way*, the appellate court examined the construction of the statute of limitations defense and found that the limitations period is "an exact period." (*Lincoln-Way*, 51 Ill. App. 3d at 608.) Recognizing the harsh nature of the defense, the court noted that the so-called "discovery rule" was formulated to "mitigate" the often severe result associated with the defense. The court stated that the defense "takes no cognizance of the situation in which the plaintiff is unable to discover, regardless of his diligence, that he has been in-

jured." (*Lincoln-Way*, 51 Ill. App. 3d at 608.) American enjoyed the benefit of the discovery rule which extended the limitation period from August 25 to September 4, the date Eklund received Henderson's complaint. The circuit court properly dismissed American's counterclaim.

■ Finally, American asserts that the statute of repose should have been applied to this case. Section 13—214 requires an action be filed no more than 10 years after the date the alleged injury occurred. (See Ill. Rev. Stat. 1985, ch. 110, par. 13—214.) It does not extend the period of time in which an action must be brought after the plaintiff knows or should reasonably know of his injury. Based on the foregoing, the statute of repose is inapplicable to the facts presented here.

The judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.