UNITED STATES of America,
Plaintiff,

v.

Robert T. MITRIONE and Marla
A. Devore, Defendants.

No. 00–30021.

United States District Court,
C.D. Illinois,
Springfield Division.

July 6, 2001.

Michael Metnick, Richard Kim, Metnick Cherry & Frazier, Springfield, IL, L. Lee Smith, Hinshaw & Culbertson, Peoria, IL, for Robert T. Mitrione.

Thomas Schanzle-Haskins, Giffin Winning Cohen & Bodewes, PC, Springfield, IL, Cathy A. Pilkington, Law Office of Cathy A. Pilkington, Chicago, IL, for Marla A. Devore.

Patrick D. Hansen, Springfield, IL, for U.S.

### ORDER

SCOTT, District Judge.

This matter is before the Court on Defendants Mitrione and Devores' Motion for Partial Dismissal of the Indictment, Motion to Strike and Motion in Limine. For the reasons set out below, Mitrione and Devores' Motion for Partial Dismissal of the Indictment is DENIED, Motion to Strike is DENIED, and Motion in Limine is DENIED.

█ Defendants argue that all references to substitute billing (i.e., submitting claims under Mitrione's provider number for services performed by others) as a fraudulent billing scheme should be dismissed or struck from the indictment as well as banned from the trial since substitute billing does not violate state or federal law. Defendants claim that information provided by the Government indicates that Counts 2, 7, 8, 11, 12, and 13 are partly based on the substitute billing theory, and they claim that such billing is perfectly legal under both state and federal law. They further claim that Federal Rule of Criminal Procedure 12(b) permits the Court to resolve the issue now. The Court finds, however, that substitute billing is not permitted under the Illinois Medicaid statutory reimbursement provisions and regulatory provisions promulgated pursuant to those provisions. (Counts 2 and 11). The Court further finds that Counts 12 and 13 allege that the Defendants caused payments to be made for work done by a totally unqualified person, which if true, would not qualify as substitute billing in any event. Finally, Counts 7 and 8 allege that Defendants submitted a false claim knowing the claim was at least partially false. Since the ·Government is not required to plead its evidence, the Court cannot tell if the evidence on these Counts goes beyond the substitute billing theory which, in some instances, would be permitted with respect to the Medicare reimbursement claims in these Counts. In short, there are factual issues which preclude dismissal of any count of the indictment.

First, Defendants have argued that there is no state or federal law which prohibits substitute billing. Defendants claim the handbook provision cited by the Government in Count 2 of the indictment (A–210.7 of the "Medical Assistance Program Handbook" published by the Illinois Department of Public Aid) does not carry the effect of law and that no law is in accord with it. That provision indicated that reimbursement under Illinois Medicaid rules for psychiatric services would be limited to those which had been personally provided by the physician who submitted the bill. Defendants contend that this handbook provision is nothing more than an interpretation of the law and one which is incorrect.

■ The Court agrees that the handbook is only an interpretation of the law and does not carry the import of law itself. *See State of Indiana Department of Welfare v. Sullivan*, 934 F.2d 853 (7th Cir. 1991). However, in this instance the handbook interpretation conforms to the language of the Illinois Administrative Code (Code), which does carry the force of law. Section 140.411 of the Code provides, in relevant part, that physicians will be reimbursed for services not otherwise excluded which are provided by the physician or by a member of the physician's staff under the physician's direct supervision. Section 140.413 of the Code is entitled "Limitation on Physician Services." It provides, in relevant part: "(a) When provided in accordance with the specified limitations and requirements, the Department shall pay for the following services: ... (4) Psychiatric Services (A) Treatment—when the services are provided by a physician who has been enrolled as an approved provider with the Department...."

■ Defendants have read the general provision for physician reimbursement (Section 140.411) as modifying the limiting clause for reimbursement for psychiatric services (Section 140.413), when the Code reads just the opposite. Defendants have argued that since psychiatrists are physicians, the reference to "services provided by a physician" in Section 140.314 encompasses work done by members of the psychiatrist's staff under his direction, as provided in Section 140.411. If that were the case, then there would be no need for this provision under Section 140.413. The plain language of the Code indicates that Section 140.413 limits Section 140.411. In addition basic rules of statutory construction provide that specific provisions control over the general. *Hernon v. E.W. Corrigan Const. Co.*, 149 Ill.2d 190, 172 Ill.Dec. 200, 595 N.E.2d 561 (1992); *First Bank of Oak Park v. Avenue Bank and Trust Co. of Oak Park*, 605 F.2d 372 (7th Cir.1979).

For Medicaid reimbursement for psychiatric services, Illinois requires that the services actually be provided by the physician and not by members of his staff under his direct supervision. The reference to the Handbook provision in the indictment is therefore of no consequence since the language quoted from the Handbook conforms to the language of the Code. The various counts adequately set out the offenses charged.

■ Defendants next argue that the Government required forms, to be used by a physician seeking either Medicaid or Medicare reimbursement, have a certification which the doctor must sign which states that the services for which reimbursement were sought were medically necessary and that they were personally furnished by the physician or by an employee who was under his personal direction. Defendants argue that the certification on the forms is further proof that psychiatric services performed by a physician's staff, under his direction, may be reimbursed.

The forms cannot change the requirements of law, however. Defendants may point to the forms and argue that they were confusing or misleading, if that is their position. Such a contention would go to the Defendants' intent and be relevant. This argument is not a basis for dismissing or striking parts of the indictment, however.

■ Finally, Defendants have argued that Medicare reimbursement rules allow substitute billing and that at least Counts 7, 8, and 14 should be dismissed. Those Counts, according to the Defendants' motion, are based in part on substitute billing for Medicare reimbursement. Even though the Government has conceded in its Response to the Motion that Medicare regulations (unlike Medicaid regulations) permit reimbursement in some circum-

stances for psychiatric services provided by a physician's employees under his direction, the Government did not concede the motion. The Court will need to hear the evidence, since it is unclear whether the substitute billing was otherwise proper. In addition, those Counts have other bases than just the substitute billing—they also allege that the claims were either partially false or not rendered to the extent claimed. Defendants' contention that the Court should limit the Government's evidence at trial is rejected in the absence of a showing of any discovery rule violation by the Government.

THEREFORE, Defendants' Motion for Partial Dismissal of the Indictment (d/e 55–1) is DENIED; Defendants' Motion to Strike (d/e 55–2) is DENIED, and Defendants' Motion in Limine (d/e 55–3) is DENIED. Defendants' Motion to Extend Time to File Reply (d/e 59) is ALLOWED, and the Court has considered the Reply (d/e 60) filed by the Defendants on May 30, 2001, in connection with its rulings on the above motions. IT IS THEREFORE SO ORDERED.