OPEN KITCHENS, INC., Plaintiff-Appellant, *v.* GULLO INTERNA-
TIONAL DEVELOPMENT CORPORATION, Defendant-Appellee and Third-
Party Plaintiff-Appellant (P & W Heating and Cooling Company, Inc.,
Third-Party Defendant-Appellee).

First District (5th Division)   No. 83—2535

Opinion filed July 20, 1984.

S. Joseph Formusa, of Rabens, Formusa & Glassman, Ltd., of Chicago,
for appellant Open Kitchens, Inc.

William J. Cook and Peter W. Schoonmaker, both of Condon, Cook &

Roche, of Chicago, for appellee Gullo International Development Corp.

Terrence J. Madden, of Rooks, Pitts, Fullager & Poust, of Chicago, for appellee P & W Heating and Cooling Co.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Open Kitchens, Inc., appeals from the trial court's dismissal of two counts of its complaint. This is an action for damages arising from the allegedly deficient construction of a freezer room and associated systems in plaintiff's food processing plant. Defendant Gullo International Development Corporation (Gullo) and third-party defendant P & W Heating and Cooling Company, Inc. (P & W) moved to dismiss counts II and III of the complaint. The trial court granted the motions and, pursuant to Supreme Court Rule 304(a), found that there was no just reason to delay enforcement or appeal of the order. Count I remains pending. On appeal, plaintiff contends that the trial court erred in dismissing count II of the complaint in that a cause of action based on the breach of an express indemnity contract was stated. Plaintiff also asserts that the trial court erred in dismissing count III of the amended complaint in that economic losses may be recovered in a tort action which arises from a contract. For the reasons which follow we affirm the order of the circuit court.

A motion to dismiss admits as true all well-pleaded facts in the complaint as well as the reasonable inferences which may be drawn therefrom. (*Kerr Steamship Co. v. Chicago Title & Trust Co.* (1983), 120 Ill. App. 3d 998, 1004, 458 N.E.2d 1009.) Count II of the complaint alleged that plaintiff, through an agent, entered into a written agreement with defendant Gullo by which Gullo agreed to construct a building for the operation of plaintiff's food processing business. As part of its work Gullo agreed to build an air circulation system, including ducts, vents, underfloor insulation, and a circulation fan. Gullo engaged various subcontractors to perform this work and these subcontractors failed to install the circulation fan or the insulation. As a result, it is alleged that the soil below the freezer floor froze and expanded causing damage to the floor and freezer.

Count II of the complaint set forth paragraph 4.18.1 of the "Supplemental General Conditions of the Agreement" of the parties, which provided:

> "To the extent permitted by law, [Gullo] shall indemnify and hold harmless the [plaintiff] and their [*sic*] agents and employees from and against all claims, damages, losses, expenses, lia-

bilities, and demands, including attorneys' fees, of whatsoever kind or nature, arising out of, resulting from or connected with the performance of the Work by the Contractor or any Subcontractor for and in behalf of the [plaintiff] or Architects. The Contractor shall defend at its own expense, any actions based thereon and shall pay all attorneys' fees, costs and other expenses arising therefrom."

The next paragraph of the supplemental general conditions is entitled "Scaffolding Act" and states that the "obligations of the Contractor under this Article shall be deemed to include as an additional liability any injury or damage arising from the failure to use or from the misuse by the Contractor or his agents or employees, of any scaffold, hoist, crane, ladder, support, temporary stairwell, or other mechanical contrivance ***."

Plaintiff notified Gullo in writing of the damage resulting from the frozen soil and requested that Gullo indemnify plaintiff. Gullo refused. Count II concluded with a prayer for damages including the costs of removing and replacing the damaged parts of the floor and freezer, lost profits, and attorney fees.

Count III alleged the same facts as count II and sought to recover under a negligence theory in that Gullo failed to perform the work in a good and workmanlike manner. Count III sought damages for the costs of removing and replacing the damaged parts of the floor and freezer and for lost profits.

Gullo moved to strike and dismiss count II on the ground that paragraph 4.18.1 of the contract is not an indemnity or warranty clause relating to the performance of the construction but rather was intended to provide for indemnification to plaintiff for claims of third parties arising from the performance of the construction work. P & W, a third-party defendant, moved to dismiss count III on the ground that the damages sought included only economic losses for which a negligence recovery was unavailable. The trial court granted the motions and this appeal ensued.

Opinion

Plaintiff contends that the "indemnity provision at issue here constitutes a promise by the defendant-contractor to pay all losses sustained by the plaintiff-owner by reason of the acts or omissions of third persons, namely, the sub-contractors hired by defendant to perform the work." Defendant Gullo responds that plaintiff's interpretation of the contract is based on isolated language and that viewed as a whole, the contract does not warrant such an interpretation and in-

stead is limited to payment of losses occasioned by suits brought by third parties.

" 'It is a general rule governing the construction of contracts that unless a contract is ambiguous, its meaning must be determined from the words used; and courts will not, because a more equitable result might be reached thereby, construe into the contract provisions that are not therein.' " (*Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 67, 294 N.E.2d 272, quoting *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1946), 395 Ill. 429, 432, 70 N.E.2d 604.) The court in *Tatar* further indicated that an indemnity agreement must "be given a fair and reasonable interpretation based upon a consideration of all of its language and provisions." (*Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 67.) Viewing a contract as a whole means viewing each part in light of the others. *La Throp v. Bell Federal Savings & Loan Association* (1977), 68 Ill. 2d 375, 381, 370 N.E.2d 188.

Viewing the language of the instant contract as a whole, the indemnity and hold harmless provisions of the first sentence of paragraph 4.18.1 must be interpreted in light of the next sentence, which provides that the "Contractor shall defend at its own expense, any actions based thereon and shall pay all attorneys' fees, costs and other expenses arising therefrom." Plaintiff contends that paragraph 4.18.1 provides for the payment of all losses sustained by plaintiff by reason of the acts or omissions of third parties, *i.e.*, the subcontractors. The words "thereon" and "therefrom" refer to the general language of the first sentence of the paragraph relating to "all claims, damages, losses, liabilities and demands ***." While the first sentence, read alone, may fairly be read to provide the protection contended for by plaintiff, the next sentence indicates that the indemnity was intended to arise only in the context of liability imposed on plaintiff as a result of losses or injuries incurred by third parties. As defendant contends, no duty to defend could arise unless a third party had initiated an action against plaintiff. We therefore conclude that the trial court correctly granted the motion to dismiss with regard to count II.

Plaintiff next asserts that the trial court erred in dismissing count III of the complaint. Plaintiff relies on *Maxfield v. Simmons* (1983), 96 Ill. 2d 81, 449 N.E.2d 110, for the proposition that a tort action to recover economic losses may be maintained where the complaint is grounded on the negligent performance of a contractually imposed duty. This reliance is misplaced. *Maxfield* involved a third-party cause of action for indemnity, not negligence or another tort. In *Max-*

*field*, the plaintiff sued the defendant for breach of contract in building a house with a defective roof. The defendant filed a third-party action against the supplier and the manufacturer of a component part of the roof, and alleged in the third-party complaint that the part was defective. The supreme court held that an "implied contract of indemnity arose from the contractual relationship between the parties, but the liability, if any, imposed on [defendant] will be the result not of breach of contract, but of tortious conduct." (96 Ill. 2d 81, 87, 449 N.E.2d 110.) The tortious conduct was not that of the original defendant but that of the third-party defendants in providing defective component parts. (See *Chicago College of Osteopathic Medicine v. George A. Fuller Co.* (7th Cir. 1983), 719 F. 2d 1335, 1341, n.6.) The supreme court recognized the viability of an action for implied indemnity under such circumstances, even though recovery for economic loss was sought, because principles of law and equity dictated that such an action be treated no differently than an implied indemnity action based on upstream products liability. (*Maxfield v. Simmons* (1983), 96 Ill. 2d 81, 86-87, 449 N.E.2d 110.) *Maxfield* does not hold, as plaintiff suggests, that economic loss may be recoverable in tort where the source of the tort duty is contractual in nature.

In the instant case, plaintiff's action is not one for implied indemnity but rather seeks damages for its own losses. (Compare *Anixter Brothers, Inc. v. Central Steel & Wire Co.* (1984), 123 Ill. App. 3d 947, 952, 463 N.E.2d 913.) Counsel for plaintiff has candidly admitted that these damages which occurred over a long period of time are solely of an economic nature. In such a case, "contract law, which protects expectation interests, provides the proper standard when a qualitative defect is involved ***." (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 81, 435 N.E.2d 443.) Our supreme court has explicitly held that "latent construction defects, resulting in solely economic loss, are not recoverable under a negligence theory. (*Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171.)" (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 156, 449 N.E.2d 125.) The trial court properly granted the motion to dismiss with regard to count III.

For all of the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.