C.S. JOHNSON COMPANY *et al.*, Plaintiffs-Appellants, *v.* CHAMPAIGN NATIONAL BANK, Trustee, *et al.*, Defendants-Appellees.

Fourth District   No. 4—83—0718

Opinion filed August 2, 1984.

Jerome P. Lyke and Arnold F. Blockman, both of Hatch, Blockman & McPheters, of Champaign, for appellants.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee I.H. French Co.

Robert P. Moore and Mary K. McCullagh, both of Moore & Associates, of Champaign, for appellee Champaign National Bank.

JUSTICE TRAPP delivered the opinion of the court:
Plaintiffs, C.S. Johnson Co. and Champaign National Bank, as

trustee under Trust No. 031-201-007, appeal an order of the circuit court of Champaign County dismissing their complaint on the grounds that it was not timely filed.

The original complaint was filed March 2, 1980. A second amended complaint stated that Champaign National Bank, as trustee under Trust No. 031-201-007, owned certain land containing a factory and buildings in Champaign, and that C.S. Johnson Co. was lessee of the land, factory, and buildings. This land was of lower elevation than that of property owned by I.H. French Co. and of property owned by Champaign National Bank as trustee under Trust No. 030-126-007 (defendant trustee).

Count I of the complaint alleged that both defendants have, since 1973, "subdivided and/or developed the upstream land by grading and paving streets, grading and asphalting parking lots, and constructing buildings and appurtenances." Count I further alleged that the subdividing and developing altered the natural drainage pattern and unreasonably increased the flow of surface water from defendants' land to plaintiffs' land. The damages alleged in count I included the undermining of the floor and foundation of the factory and loss of production time while the premises were flooded.

Count II of the complaint alleged that the defendant-trustee and the beneficiaries of the defendant trust wilfully and wantonly violated "An Act to revise the law in relation to plats" (Ill. Rev. Stat. 1975, ch. 109, par. 1 *et seq.*) and violated a subdivision ordinance of the city of Champaign. Count III alleged that the defendant-trustee and the beneficiaries constructed a commercial building and arranged its downspouts in a manner which diverted approximately 1.6 acres of surface water into the watershed above plaintiffs' land. Counts II and III alleged damages identical to those alleged in count I.

In their answers to interrogatories, plaintiffs stated that the increased flow of water onto their land was first noticed in the spring of 1978 and that from May 1978 to June 1982 there were 40 instances of increased flow which undermined the foundation of the factory.

Pursuant to motions filed by defendants, the trial court dismissed plaintiffs' complaint with prejudice on the grounds that the action was barred by section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(a)).

Section 13—214(a) provides:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall

be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known such act or omission."

Plaintiffs argue on appeal that section 13—214(a) is not applicable to the present case because defendants are being sued as owners of the upstream properties and that landowners are not persons described by this section.

The interpretation and construction of a statutory provision is governed by the rule that the intention of the legislature should be ascertained and given effect. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 389 N.E.2d 151.) The language used in a statute is the primary source for determining the intent of the legislature. (*General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) We initially observe that section 13—214(a) contains no reference to actions against owners of real property. Furthermore, it cannot be presumed that landowners always participate in the design, planning, supervision, observation or management of construction on their property. Consequently, it is unclear from the language of section 13—214(a) that the legislature intended the section to apply to actions against landowners. Where the statutory language does not adequately convey the legislative intent, the courts may look to the legislative history. See *McQueen v. Erickson* (1978), 61 Ill. App. 3d 859, 378 N.E.2d 614; *Illinois Power Co. v. Mahin* (1977), 49 Ill. App. 3d 713, 364 N.E.2d 597, *aff'd* (1978), 72 Ill. 2d 189, 381 N.E.2d 222.

House and Senate debates indicate that section 13—214(a) was enacted for the benefit of persons associated with construction activities on real property such as architects, contractors and engineers and that the section was not intended to apply to suits against landowners. A House sponsor of the bill, Representative Dunn, stated, "The purpose of this Bill is to provide some relief for professionals, who are trying to exercise their sound judgment in the design and construction of improvements to real property." (Transcript of House Debates, May 25, 1979, at 32.) He also stated, "The purpose of this legislation is to put an end to frivolous law suits against these professionals, who are trying their best to exercise *** their sound judgment." (Transcript of House Debates, May 25, 1979, at 35.) Other representatives were of the opinion that the bill did not apply to owners. Representative Leinenweber stated: "An owner *** of a building hires an architect to construct a building for him. The architect, at the end of 8 years *** is relieved of any responsibility if that building collapses. But, I tell you, the owner is not." Transcript of House De-

bates, May 25, 1979, at 33.

Transcripts from the Senate debates show that the statute was intended to apply to architects, contractors and engineers. Senator Moore stated, "What this bill does is *** creates a Statute of Limitations for those, the hundreds of architectural engineering, contracting and subcontracting firms in Illinois that because of Judicial decisions *** the courts have held that, in effect, there is liability in perpetuity." (Transcript of Senate Debates, June 22, 1979, at 116.) Senator Moore also stated, "This is the Statute of Limitations Bill for the engineers, architects and contractors." Transcript of Senate Debates, October 30, 1979, at 31.

■ We hold that section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch 110, sec. 13—214) does not apply to actions against landowners where the action is based on the defendant's status as a landowner, and not on an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property.

■ Defendants argue that this case was brought within the purview of section 13—214(a) by the allegation in plaintiffs' complaint that defendants had "subdivided and/or developed the upstream land by grading and paving the streets, grading and asphalting parking lots, and constructing buildings and appurtenances." It is obvious from plaintiffs' complaint and the pleadings that the plaintiffs did not intend to allege that defendants, I.H. French Co. and Champaign National Bank, were the parties who actually constructed the buildings and improvements on defendants' land. Defendants have presented no evidence or arguments that they, in fact, designed, planned, supervised, observed, or managed the construction on their property. A statute of limitations is an affirmative defense and the burden rests upon the party asserting it to show its applicability. (*Hood v. Commonwealth Trust & Savings Bank* (1941), 376 Ill. 413, 34 N.E.2d 414; see *Insurance Co. of North America v. Knight* (1972), 8 Ill. App. 3d 871, 291 N.E.2d 40, *appeal dismissed* (1973), 414 U.S. 804, 38 L. Ed. 2d 40, 94 S. Ct. 165.) Defendants have failed to sustain this burden.

Defendants maintain that if actions against landowners are excluded from the scope of section 13—214, that section will constitute special legislation in violation of section 13, article IV, of the Illinois Constitution of 1970. (See *Skinner v. Anderson* (1967), 38 Ill. 2d 455, 231 N.E.2d 588.) We need not address this constitutional question since we have held that section 13—214 does not apply to the present case. We note, however, that this section has been upheld in the face of a constitutional challenge based on the prohibition against special

512

legislation. *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 456 N.E.2d 353.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

MILLS, P.J., and MILLER, J., concur.