*In re* APPLICATION OF THE COUNTY COLLECTOR OF WILL COUNTY FOR JUDGMENT FOR TAXES FOR THE YEAR 1988 (John Weber, County Treasurer and *ex officio* Collector of Taxes of Will County, Plaintiff-Appellant, v. Crossfield Chemical *et al.*, Defendants-Appellees).

Third District   Nos. 3—91—0657 through 3—91—0678 cons.

Opinion filed May 29, 1992.

Edward Burmila, Jr., State's Attorney, of Joliet (Philip A. Mock, Assistant State's Attorney, and John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Spesia & Ayers, of Joliet, and James A. Geraghty, of Wheaton (Neil T. Goltermann and Douglas F. Spesia, of counsel), for appellee Crossfield Chemical.

JUSTICE McCUSKEY delivered the opinion of the court:

In 1988, Will County proposed a general real estate tax levy of $17,715,138, which was 122.84% greater than the general real estate tax levy for 1987. Pursuant to section 6 of the Truth in Taxation Act (Taxation Act) (Ill. Rev. Stat. 1987, ch. 120, par. 866), Will County published the following notice prior to adopting the real estate tax levy:

"PUBLIC NOTICE

Taxing Body: County of Will
1987 Extension (Excluding election cost & Debt): $14,421,204.46
1988 Proposed Levy (Excluding election costs & debt): $17,715,138
Percentage Increase: 122.84%
Date of Public Hearing: November 17, 1988
Time of Public Hearing: 9:30 a.m.
Place of Public Hearing: Will County Office Building
302 N. Chicago St., Joliet, Il. 60432"

The defendants paid their 1988 real estate taxes under protest and argued that the tax levy was invalid because Will County had

failed to strictly comply with the requirements of the Taxation Act. The defendants specifically claimed that the published notice did not comply with the legislative intent of the Taxation Act nor did the notice contain all the information required by the Taxation Act. The circuit court agreed and sustained the defendants' objections. The trial court ordered the treasurer to pay the defendants a refund of the real estate taxes they protested. The treasurer appeals. We affirm.

The sole issue on appeal is whether the circuit court erred by sustaining the defendants' tax objections and finding invalid Will County's 1988 real estate tax levy.

The treasurer contends that Will County *substantially* complied with the publication requirements of the Taxation Act. He further argues that substantial compliance is all that is required by the Taxation Act. We disagree.

The defendants argue that *strict* compliance with the requirements of the Taxation Act is mandatory. The defendants further argue that Will County's failure to strictly comply with the Taxation Act rendered the tax levy invalid. We agree.

Objectors to a real estate tax levy are required to bear the burden of proving the invalidity of a tax levy. Generally, it is presumed that real estate taxes have been legally levied. (*People ex rel. Moore v. Chicago, Burlington & Quincy R.R. Co.* (1953), 414 Ill. 419, 111 N.E.2d 509.) Real estate taxes can only be levied, assessed and collected in the manner expressly required by statute. *People ex rel. Pickerill v. New York Central R.R. Co.* (1945), 391 Ill. 377, 63 N.E.2d 405.

The interpretation and construction of a statutory provision is governed by the rule that the intention of the legislature should be ascertained and given effect. (*C.S. Johnson Co. v. Champaign National Bank* (1984), 126 Ill. App. 3d 508, 467 N.E.2d 363.) The language used in a statute is the source from which its intent should be derived. (*General Motors Corp. v. Industrial Comm'n* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) However, "[w]here the statutory language does not adequately convey the legislative intent, the courts may look to the legislative history." *C.S. Johnson*, 126 Ill. App. 3d at 510, 467 N.E.2d at 365.

While we believe that the provisions of the Taxation Act in question are quite clear and unambiguous, we will review the legislative intent of section 3 of the Taxation Act. Section 3 provides in part:

"The purpose of this Act is to require taxing districts to disclose by publication and to hold a public hearing on their intention to adopt an aggregate levy in amounts more than 105% of

the amount of property taxes extended or estimated to be extended *** upon the levy of the preceding year." Ill. Rev. Stat. 1987, ch. 120, par. 863.

Section 5 of the Taxation Act contains mandatory directives for the taxing body. It provides in part:

> *"Until it has complied with the notice and hearing provisions of this Act, no taxing district shall levy* an amount of ad valorem tax which is more than 105% of the amount, *** which has been extended or is estimated [to] be extended upon the levy of the preceding year." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 120, par. 865.

The use of the word "shall" is generally regarded as mandatory statutory language. Where the word "shall" is used in connection with any right or benefit, and the right or benefit depends upon giving a mandatory meaning to the word, the words cannot be given a permissive meaning. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) The *Andrews* court held that the publication and notice provisions of the Illinois Revenue Act were designed for the benefit as well as protection of the taxpayers, and they were not adopted merely for the guidance of public officials. The publication requirements were enacted to afford the taxpayers information as well as the opportunity to evaluate the reasonableness of their assessments. (*Andrews*, 71 Ill. 2d at 22, 373 N.E.2d at 1336.) We hold that the publication requirements of the Taxation Act are mandatory and must be *strictly* complied with by the taxing body.

We further hold that section 6 of the Taxation Act also contains specific notice requirements which must be *strictly* complied with by the taxing body. Section 6 of the Taxation Act provides in pertinent part:

> "[T]he corporate authority shall give public notice of and hold a public hearing on its intent to adopt a levy in an amount which is more than 105% of the extensions *** for the preceding year.
>
> * * *
>
> *** The notice shall state in plain and simple language the following information: (1) the legal name of the taxing district; (2) the commonly known name of the taxing district; (3) the amount of property taxes, exclusive of election costs, extended or estimated to be extended on behalf of the taxing district for the preceding year; (4) the amount of the proposed levy, exclusive of election costs, for the current year; (5) the percentage increase; and (6) the date, time and place of the public hearing

concerning the proposed budget and the proposed levy increase. \*\*\*

Any notice which includes information substantially in excess of that specified and required by this Act shall be an invalid notice." Ill. Rev. Stat. 1987, ch. 120, par. 866.

The failure to strictly comply with the mandatory requirements of section 6 of the Taxation Act will cause a taxing body's levy to be found invalid following a proper tax protest.

The trial court specifically found that Will County's notice failed to make any reference to the extension being an extension of property taxes. The trial court also found that there was no indication in the notice as to what the public hearing concerned. We agree with the trial court's findings. We further note that nowhere in Will County's notice is there any mention of the words "tax," "property taxes," "tax increase," or "taxable property."

We find that Will County's notice did not even minimally comply with section 6 of the Taxation Act. The trial court was correct in determining Will County's notice was clearly inadequate and that the notice failed to satisfy the legislative intent of the Taxation Act.

For the reasons indicated, the circuit court of Will County is affirmed.

Affirmed.

GORMAN and SLATER, JJ., concur.