Third Division
September 29, 2010

No. 1-09-2943

WATER TOWER REALTY COMPANY, an Illinois )    Appeal from the
Corporation; and CHICAGO TITLE AND TRUST )    Circuit Court of
COMPANY, as Trustee under Trust Agreement No. )    Cook County.
1098384, and Not Individually, as Owner of 5-13 E. )
Superior, and as Trustee under Trust No. 1098385, and )
Not Individually, as Owner of 42 E. Superior, )
)
       Plaintiffs-Appellants, )
)
   v. )
)    08 L 12699
FORDHAM 25 E. SUPERIOR, L.L.C., a Delaware Limited )
Liability Company; FORDHAM/ICD SUPERIOR, L.L.C., )
a Delaware Limited Liability Company, its Sole Member; )
FORDHAM SUPERIOR MANAGEMENT, L.L.C., a )
Delaware Limited Liability Company, Managing Member; )
and THE FORDHAM COMPANY, an Illinois Corporation, )
Managing Member, )    Honorable
)    Elizabeth M. Budzinski,
      Defendants-Appellees. )    Judge Presiding.

JUSTICE NEVILLE delivered the opinion of the court:

Fordham 25 E. Superior decided to construct a building on property it owned in Chicago.

To obtain the consent of its neighbor, Water Tower Realty Company, Fordham 25 E. Superior agreed

to indemnify Water Tower for losses Water Tower might suffer due to the construction. Five years

after Fordham 25 E. Superior completed its building, Water Tower sued Fordham 25 E. Superior for

breach of the indemnity agreement. The trial court granted Fordham 25 E. Superior's motion to

dismiss the complaint as barred by the four-year limitations period for construction lawsuits. 735

ILCS 5/13-214(a) (West 2002). We hold that the 10-year limitations period applicable to actions on written contracts governs this cause of action. Therefore, we reverse in part and remand for further proceedings consistent with this order.

## BACKGROUND

On October 24, 2000, Fordham 25 E. Superior sent Water Tower the following letter:

"As you know, we are about to commence construction of a 50 story high rise building on the property commonly known as 25 E. Superior, Chicago, Illinois 60611 (the 'Work'). You own property across the street at 42 E. Superior, Chicago, Illinois 60611.

To the fullest extent permitted by law, we agree to indemnify, defend and hold you *** harmless from and against any and all loss, liability, claims, injury damage and expense arising out of the Work and shall defend any suit or action brought against you or any of the indemnified part[ie]s, based on any such alleged injury or damage, and shall pay all damages, costs and expenses, including reasonable attorneys' fees, connected therewith or resulting therefrom or incurred by you in enforcing the terms hereof.

Yours truly,

FORDHAM 25 E. SUPERIOR L.L.C., a Delaware limited liability company

By:   FORDHAM/ICD SUPERIOR, L.L.C., a Delaware limited liability company, its sole member

By: FORDHAM SUPERIOR MANAGEMENT, L.L.C., a

Delaware limited liability company, managing member

By: THE FORDHAM COMPANY, an Illinois corporation,

managing member,

By: /s/ C. J. Carley."

On November 13, 2008, Water Tower, as beneficial owner of 42 East Superior, and Chicago Title and Trust Company, as Trustee under Trust Agreement No. 1098385, and as holder of legal title to 42 East Superior, filed a complaint for breach of the indemnity agreement and named as defendants, Fordham 25 E. Superior, Fordham/ICD Superior, Fordham Superior Management, and the Fordham Company. We will refer to the four defendants, collectively, as Fordham. Water Tower alleged that it rented space in its building at 42 East Superior to commercial tenants. Fordham began excavation for the construction of its high rise in October 2000, and it completed the construction in February 2003. Water Tower alleged that during construction, Fordham "so used its property as to make it impossible to lease the space at 42 East Superior." According to the complaint, Water Tower lost more than $75,000 in rental business from 2000 through 2003. Fordham refused to indemnify Water Tower for its losses despite Water Tower's repeated demands for indemnification.

Fordham moved to dismiss the complaint on grounds that it had promised only to indemnify Water Tower for any claims third parties filed against it. Because Water Tower had not alleged that anyone had sued it, Fordham argued that it owed Water Tower no indemnity. Fordham also asked the court to dismiss the complaint as barred by section 13-214 of the Code of Civil Procedure (Code), which is the statute of limitations for construction-related activity. 735 ILCS 5/13-214 (West 2002).

Section 13-214 of the Code provides in pertinent part:

"(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." 735 ILCS 5/13-214 (West 2002).

Water Tower answered that it had not sued for any act or omission in "the design, planning, supervision, observation or management of construction." Instead, it sued for breach of the indemnification agreement. According to Water Tower, the statute of limitations for written contracts in section 13-206 of the Code, governs their claim. 735 ILCS 5/13-206 (West 2002). Section 13-206 of the Code provides in pertinent part:

"[A]ctions on *** written contracts *** shall be commenced within 10 years next after the cause of action accrued ***." 735 ILCS 5/13-206 (West 2002).

The trial court dismissed the complaint without prejudice, finding that Fordham had not promised to indemnify Water Tower for first-party claims. Fordham amended its complaint. The trial court dismissed the amended complaint with prejudice, finding only that it was barred by section 13-214 of the Code. In the final judgment, the court did not address the issue of whether the indemnification agreement covered first-party claims. Water Tower now appeals. Although Fordham labeled its motion to dismiss as a motion brought under section 2-615 of the Code (735 ILCS 5/2-615 (West 2008)), section 2-619(a)(5) applies to motions to dismiss complaints for violation of statutes

of limitation. 735 ILCS 5/2-619(a)(5) (West 2008). We will treat the judgment as a dismissal under section 2-619(a)(5) of the Code.

ANALYSIS

Statute of Limitations

We review *de novo* orders dismissing cases under section 2-619(a)(5) (or section 2-615) of the Code. Ferguson v. City of Chicago, 213 Ill. 2d 94, 99 (2004); White v. DaimlerChrysler Corp., 368 Ill. App. 3d 278, 282 (2006). "The applicability of a statute of limitations to a cause of action presents a legal question we review *de novo*." Travelers Casualty & Surety Co. v. Bowman, 229 Ill. 2d 461, 466 (2008).

Water Tower relies on Bowman in support of its argument for reversal of the trial court's decision. In Bowman, predecessors of Travelers issued performance bonds to A.G. Carlson, Inc. Under the terms of the bonds, Travelers' predecessors agreed to pay out certain amounts if Carlson breached its contracts to complete its work on specified construction projects. The president of Carlson, James Bowman, and the sole shareholder of Carlson, Barbara Bowman, agreed to indemnify Travelers' predecessors for any losses they suffered because they issued the bonds. Travelers and its predecessors paid out on the performance bonds sums totaling over $500,000 because Carlson breached its construction contracts. Bowman, 229 Ill. 2d at 464. When the Bowmans refused to indemnify Travelers for the loss, Travelers sued the Bowmans. Thus, Travelers became liable only because Carlson failed to perform construction work on specific contracts, and the Bowmans became liable to Travelers under the indemnity agreement only because Carlson failed to perform the construction work.

The Bowmans moved to dismiss Traveler's complaint as barred by the four-year statute of limitations codified in section 13-214 of the Code. Bowman, 229 Ill. 2d at 464. Travelers argued that section 13-206 of the Code, with its 10-year limitations period, governed the cause of action. The trial court ruled in favor of the Bowmans and Travelers appealed. Bowman, 229 Ill. 2d at 465. The appellate court ruled in favor of Travelers and the Bowmans appealed to our supreme court.

Our supreme court began its analysis by quoting from its opinion in Armstrong v. Guigler, 174 Ill. 2d 281 (1996):

" '[T]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action.' [Citation.] *** '[W]e have long held that "it is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply." [Citation.] *** '[T]he focus of the inquiry is on the nature of the liability and not on the nature of the relief sought.' [Citation.]" Bowman, 229 Ill. 2d at 466-67, quoting Armstrong, 174 Ill. 2d at 286-91, quoting Mitchell v. White Motor Co., 58 Ill. 2d 159, 162 (1974).

The Bowman court then applied Armstrong to the facts of Bowman:

"To constitute an action for 'an act or omission *** in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property' within the meaning of section 13-214, liability must rest on construction-related activity.

Here, the liability at issue emanates not from construction-related activity but,

rather, from the breach of a contractual obligation to indemnify. [Citation.] Obligations arising out of indemnification agreements require proof of a breach of contract and, therefore, parties to an indemnity agreement regarding performance bond sureties are not included in section 13-214. [Citation.]

Carlson's breach of construction contracts resulted in payment of claims under the performance bonds. The payment of claims under the performance bonds then triggered the Bowmans' obligation to perform under the indemnity agreement. The Bowmans' liability to Travelers does not, however, emanate from Carlson's breach of the construction contracts. Rather, the Bowmans' liability emanates from the refusal to perform their obligation of indemnification under the written indemnification agreement after claims were made against the underlying performance bonds. We hold, therefore, that section 13-214 is inapplicable to Travelers' cause of action." Bowman, 229 Ill. 2d at 469-70.

Applying Bowman to the facts in this case, we too focus on the nature of Water Tower's injury and Fordham's liability to decide which statute of limitations governs this lawsuit. Fordham built a structure on its property, and the construction allegedly rendered Water Tower's property unsuitable for rental. Thus, according to Water Tower, the construction resulted in Water Tower's loss of rents, triggering Fordham's obligation under the indemnity agreement to pay for the lost rent.

Like the liability of the Bowmans, the potential liability of Fordham here has a causal connection to construction work. Fordham built a structure, allegedly causing Water Tower to lose rents; Carlson failed to fulfill its duties under construction contracts, causing Travelers to pay out

sums owed under the performance bonds. Fordham, like the Bowmans, agreed to pay an indemnity to cover the loss, and Fordham, like the Bowmans, allegedly breached the contractual agreement to pay the indemnity. Just as "the Bowmans' liability emanates from the refusal to perform their obligation of indemnification under the written indemnification agreement," Fordham's potential liability emanates from its refusal to perform its indemnification obligation under the written indemnification agreement. Bowman, 229 Ill. 2d at 469-70. Because we find this case effectively indistinguishable from Bowman, we find that section 13-206 sets out the limitations period applicable to Water Tower's claim for indemnity under the written contract for indemnity.

Our holding that section 13-214 does not protect Fordham here accords with the purpose of section 13-214. The appellate court in C.S. Johnson Co. v. Champaign National Bank, 126 Ill. App. 3d 508 (1984), reviewed the legislative history of section 13-214 and said:

"House and Senate debates indicate that section 13 -- 214(a) was enacted for the benefit of persons associated with construction activities on real property such as architects, contractors and engineers and that the section was not intended to apply to suits against landowners. *** Representative Leinenweber stated: 'An owner *** of a building hires an architect to construct a building for him. The architect, at the end of 8 years *** is relieved of any responsibility if that building collapses. But, I tell you, the owner is not.' Transcript of House Debates, May 25, 1979, at 33." C.S. Johnson, 126 Ill. App. 3d at 510-11.

The court concluded, "section 13 -- 214 *** does not apply to actions against landowners where the action is based on the defendant's status as a landowner." C.S. Johnson, 126 Ill. App. 3d at 511.

Water Tower sued Fordham, the landowner which hired others to construct a building on Fordham's property, for breach of Fordham's promise to indemnify Water Tower for its losses due to the construction. Under Bowman and C.S. Johnson, section 13-214 of the Code does not apply to this cause of action. Bowman, 229 Ill. 2d at 469-70; C.S. Johnson, 126 Ill. App. 3d at 510-11.

Fordham relies on Blinderman Construction Co. v. Metropolitan Water Reclamation District of Greater Chicago, 325 Ill. App. 3d 362 (2001), as contrary authority. In Blinderman, the district hired Blinderman to construct a building. After Blinderman completed the construction, the district refused to pay part of the amount Blinderman demanded. The Blinderman court held:

> "Under its plain language, the provisions of section 13-214(a) extend to acts or omissions in the supervision or management of construction. Thus, under these provisions, section 13-214(a) becomes applicable to actions for recovery of payments due under the contract for work engendered by the District in its capacity as supervisor and/or manager of construction. *** The District also prepared all the plans, specifications and drawings for the design of the project and was authorized to order changes to those plans under the contract. Thus the action in the instant case, which seeks to recover for extra work performed as a result of the acts or omissions of the District, is subject to the explicit provisions of section 13-214(a)." Blinderman, 325 Ill. App. 3d at 366-67.

The lawsuit here, unlike the lawsuit in Blinderman, has nothing to do with Fordham's acts in its capacity as supervisor or manager of the construction. The suit concerns only Fordham's promise to indemnify Water Tower for its losses due to the construction. Section 13-214 of the Code does

not protect Fordham in its capacity as indemnitor. Bowman, 229 Ill. 2d at 469-70. Therefore, we hold that the 10-year statute of limitations in section 13-206 applies to this action on a written contract for indemnity. Accordingly, the trial court erred when it found that section 13-214 of the Code applied and dismissed Water Tower's complaint as untimely.

First-Party Claims

Next, Fordham argues that the indemnity agreement covers only claims third parties make against Water Tower and not the kind of first-party losses for which Water Tower seeks recovery here. The trial court did not address this issue in the final order, but, as Fordham points out, we can affirm the judgment on any basis the record supports. In re Application of Cook County Treasurer, 185 Ill. 2d 428, 436 (1998). We review *de novo* issues of contract interpretation. Avery v. State Farm Mutual Automobile Insurance Co., 216 Ill. 2d 100, 129 (2005).

When we interpret a contract, we seek to "give effect to the intent of the parties." Gallagher v. Lenart, 226 Ill. 2d 208, 232 (2007). We determine intent solely from the language the parties used, unless that language leaves some ambiguity about the parties' intentions. Gallagher, 226 Ill. 2d at 233.

Fordham agreed to "indemnify *** [Water Tower] against any and all loss *** arising out of the Work." Fordham admits that this clause, at least on its face, appears broad enough to cover first-party losses Water Tower suffered. See Open Kitchens, Inc. v. Gullo International Development Corp., 126 Ill. App. 3d 62, 65 (1984); American National Bank & Trust Co. of Chicago v. Regional Transportation Authority, 125 F.3d 420, 433-34 (7th Cir. 1997). Fordham argues that the second clause of the sentence limits the reach of the broad language in the first clause. After agreeing to

- 10 -

indemnify Water Tower for all losses, Fordham added, "and [we] shall defend any suit or action brought against you." Fordham contends that this clause restricts the promise in the first clause to indemnification for claims brought by third parties. See Open Kitchens, 126 Ill. App. 3d at 65.

We disagree. Fordham introduced the second clause of its indemnity agreement as an addition to the coverage provided in the first clause. See Chicago Land Clearance Comm'n v. Jones, 13 Ill. App. 2d 554, 559 (1957) ("and" is conjunctive). Nothing in the second clause indicates an intent to limit the promise of the first clause. "[A] party wishing to narrow an indemnification clause to third-party damage is obligated to limit the scope of the clause expressly; and absent such express limitation, indemnification clauses may apply to damage suffered by the contracting parties themselves." Battelle Memorial Institute v. Nowsco Pipeline Services, Inc., 56 F. Supp. 2d 944, 951 (S.D. Ohio 1999); see also Natco Ltd. Partnership v. Moran Towing of Florida, Inc., 267 F.3d 1190, 1195 (11th Cir. 2001); Payne Plumbing & Heating Co. v. Bob McKiness Excavating & Grading, Inc., 382 N.W.2d 156, 160 (Iowa 1986). We find the promise here broad enough to encompass claims for both first-party and third-party claims for indemnity. Because Fordham agreed to indemnify Water Tower for all losses arising out of the construction work, the absence of third-party claims provides no grounds for dismissing the lawsuit.

Liability of Agents

Finally, Fordham contends that this court should affirm the dismissal of Fordham/ICD Superior, Fordham Superior Management, and the Fordham Company, because they all signed the indemnity agreement as agents of disclosed principals. The appellate court outlined the applicable principles in Dunlop v. McAtee, 31 Ill. App. 3d 56, 59-60 (1975), as follows:

"In 3 Am. Jur.2d Agency[in section 190] at 573-74 (1962), it is said that:

'A signing by which the name of the principal appears "by" or "per" the agent is uniformly regarded as a proper method of executing the agency so as to impose liability upon the principal and, conversely, no personal liability upon the agent.'

In Restatement (Second) of Agency [in section 156] at 372 (1958), it is said in comment:

'In the absence of a contrary manifestation in a document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: The principal's name followed by the agent's name preceded by a preposition such as "by" or "per" ***.

Illinois follows this view and holds that where an agent discloses the name of his principal or where the party dealing with the agent knows that the agent is acting as an agent, the agent is not personally liable on the contract unless he so agrees."

Here, Fordham/ICD Superior indicated appropriately that it signed the agreement solely in its capacity as an agent for Fordham 25 E. Superior; Fordham Superior Management indicated appropriately that it signed the agreement solely in its capacity as an agent for Fordham/ICD Superior; and the Fordham Company indicated appropriately that it signed the agreement solely in its capacity as an agent for Fordham Superior Management. Nothing in the agreement shows an intention that the agents should share liability with their principals. Accordingly, we affirm that part

of the order dismissing the lawsuit against Fordham/ICD Superior, Fordham Superior Management, and the Fordham Company, but the complaint remains viable against Fordham 25 E. Superior.

CONCLUSION

Water Tower alleged that Fordham 25 E. Superior breached its agreement to indemnify Water Tower for losses Water Tower suffered due to construction on property of Fordham 25 E. Superior. Section 13-206, rather than section 13-214, governs this case for breach of a written contract, because the contract called for Fordham 25 E. Superior to indemnify Water Tower under certain circumstances, and Water Tower did not in the contract seek to have Fordham 25 E. Superior construct anything for Water Tower. The indemnity agreement uses language broad enough to cover first-party losses of Water Tower as well as third-party claims against Water Tower. The indemnity agreement does not make the agents who signed the agreement liable under the agreement; only the disclosed principal, Fordham 25 E. Superior, agreed to indemnify Water Tower. We affirm the dismissal of the claims against Fordham/ICD Superior, Fordham Superior Management, and the Fordham Company, but we reverse the dismissal of the claim against Fordham 25 E. Superior and remand for further proceedings in accord with this opinion.

Affirmed in part and reversed in part; cause remanded.

QUINN, P.J., and STEELE, J., concur.