2020 IL App (1st) 191663-U

FIRST DISTRICT
SECOND DIVISION
March 17, 2020

No. 1-19-1663

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| TECTONIC, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 L 012968 |
| | ) | |
| TANDEM ADMINISTRATIVE | ) | Honorable |
| MANAGEMENT GROUP, INC., | ) | Diane Shelley, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1       *Held*:   Agreement's exculpatory clause bars plaintiff's breach of contract claim.

¶ 2       In this breach of contract case, plaintiff Tectonic, LLC (Tectonic) appeals the trial court's dismissal of its action under section 2-619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2014)), arguing that the exculpatory clause in its contract with defendant Tandem Administrative Management Group, Inc. (Tandem) did not shield Tandem from liability for failing to provide contracted services. For the following reasons, we affirm.

¶ 3                                                    BACKGROUND

¶ 4        On December 22, 2014, the parties executed an "Administrative Services Agreement (Agreement)," addressing the human resources services that Tandem would perform for Tectonic. Among other provisions, the Agreement included the following indemnification and exculpatory clauses, in relevant part:

> "VII. INDEMNIFICATION.
>
> [T]andem agrees to release, defend, indemnify and hold [Tectonic] harmless from any and all loss, expense or damages (including court costs and attorney fees) as a result of the acts, errors or omissions or wrongful or negligent acts of [Tandem] or its employees, agents, or officers or any failure of [Tandem] to fulfill its duties under this Agreement. ***
>
> VIII. LIMITATION OF LIABILITY.
>
> This Section Eight sets forth the full extent of [Tandem's] liability for damages resulting from or related to this Agreement or the Services, regardless of the form or amount, and sets forth the full extent of [Tectonic's] remedies. *** [Tandem's] sole liability for any errors or omissions in the Services caused by [Tandem] or third party vendors shall be to correct the affected Client report, data, or tax agency's filings, as the case may be. In no event will [Tandem] be liable to [Tectonic] *** for any indirect, special, incidental, consequential, exemplary or punitive damages, or any fees, fines, assessments, or penalties, including, but not limited to *** lost profits in any manner."

¶ 5        The parties executed a third addendum, expanding the human resources services available to Tectonic, which included "[a]ccess to Tandem HR full service ancillaries at client pricing, such as: Recruitment, training and development, employee profile tests, background checks, etc."

¶ 6        On May 25, 2016, Tectonic offered Melissa Erickson the position of controller, contingent

upon her passing a background check. Erickson completed a "Tandem HR employment application form" and Tandem processed the application, approving her for employment. Shortly thereafter in June of 2016, Erickson began her employment as controller with Tectonic.

¶ 7    On November 30, 2017, "Tectonic received a tip from a person who knew Erickson, informing the company that it should review Erickson's work because she had stolen funds from several companies before and that she might be taking funds from Tectonic as well." Based on that tip, Tectonic conducted its own investigation of Erickson's background and discovered that she had "been convicted of multiple financial crimes and was on probation for those crimes when she submitted her application" for employment. Tectonic also reviewed Erickson's work and discovered that she "had stolen funds."

¶ 8    Tectonic notified Tandem about Erickson stealing funds, and Tandem responded that [w]hile Tandem did not perform a background check in connection with the application at that time, Tandem HR ran a formal background screening on December 5, 2017 once it became aware that it had not previously done so. *** [E]ven if Tandem HR had performed a formal background screening at the time Ms. Erickson applied for her position with Tectonic, her criminal history would not have been exposed."

¶ 9    Tectonic filed a complaint, which it later amended, pleading a breach of contract claim against Tandem and asserting its right for indemnification relating to the losses it incurred because of Tandem's failure to conduct a background check of Erickson.[1] Tectonic claimed over $1,700,000 in damages. Tandem moved to dismiss under section 2-619(a)(9), arguing that the exculpatory clause barred Tectonic's breach of contract action. The trial court agreed with Tandem

---

[1]Tectonic also commenced an action against Erickson.

and dismissed Tectonic's amended complaint with prejudice.

¶ 10                                    ANALYSIS

¶ 11        Tectonic argues that the trial court erred in dismissing its breach of contract action under section 2-619(a)(9), finding that the Agreement's exculpatory clause applied instead of the indemnification clause.

¶ 12        A trial court properly dismisses an action under section 2-619(a)(9) where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2014); *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 16. "Affirmative matter" includes "a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *McIntosh*, 2019 IL 123626, ¶ 16. We review a trial court's ruling on a section 2-619 motion to dismiss *de novo*. *Id.* ¶ 17.

¶ 13        Exculpatory clauses excuse a party from a particular liability and indemnification shifts the responsibility for a liability from one party to another. *McMinn v. Cavanaugh,* 177 Ill. App. 3d 353, 357 (1988). We interpret exculpatory and indemnity clauses within a contract *de novo*. *Virginia Surety Co. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 556 (2007), *Stratman v. Brent*, 291 Ill. App. 3d 123, 137 (1997).

¶ 14        Tectonic claims that the indemnification clause controls because it conflicts with the exculpatory clause and the Agreement should be construed against Tandem. Even assuming a conflict exists, the exculpatory clause controls because it is more specific than the general indemnification clause. *Coe v. BDO Seidman, L.L.P.*, 2015 IL App (1st) 142215, ¶ 27. Although indemnification may apply to claims involving the contracting parties (*Water Tower Realty Co. v. Fordham 25 E. Superior, LLC*, 404 Ill. App. 3d 658, 666 (2010)), we cannot read the

indemnification clause in isolation and must read that clause in conjunction with the exculpatory clause. *Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277, 296 ("A contract should be given a fair and reasonable construction based upon all of its provisions, read as a whole."); *Open Kitchens, Inc. v. Gullo International Development Corp.*, 126 Ill. App. 3d 62, 65 (1984) (an indemnity clause cannot be read in isolation).

¶ 15        When Tectonic executed the contact, it assented to the contract's terms as written and became bound by its provisions. See *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 150 (2006) ("a party to an agreement is charged with knowledge of and assent to the agreement signed"). In this case, the exculpatory clause explicitly sets forth "the full extent of [Tandem's] liability for damages" and "the full extent of [Tectonic's] remedies." Under the exculpatory clause, "[i]n no event will [Tandem] be liable to [Tectonic] *** for any indirect, special, incidental, consequential, exemplary or punitive damages." Tectonic does not dispute that it is seeking indirect or consequential damages, which are expressly prohibited under this clause. Thus, the exculpatory clause applies and is "affirmative matter" barring Tectonic's breach of contract claim. *Home Healthcare of Illinois, Inc. v. Jesk*, 2017 Ill App (1st) 162482, ¶ 52 (an exculpatory clause may be viewed as an affirmative defense).

¶ 16                                CONCLUSION

¶ 17        We affirm the dismissal of Tectonic's amended complaint under section 2-619(a)(9).

¶ 18        Affirmed.