NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240537-U

NO 4-24-0537

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 17, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* Z.S., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
| Petitioner-Appellee, | ) | No. 16JA71 |
| v. | ) | |
| Amanda S., | ) | Honorable |
| Respondent-Appellant). | ) | Timothy J. Cusack, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Harris and Knecht concurred in the judgment.

**ORDER**

¶ 1　*Held*:　The appellate court granted appellate counsel's motion to withdraw and affirmed, concluding no issue of arguable merit could be raised on appeal.

¶ 2　　　In September 2018, the State filed a petition to terminate the parental rights of respondent, Amanda S., as to her minor child, Z.S. (born in 2012). Respondent surrendered her parental rights, and Z.S. was subsequently adopted by respondent's mother. In July 2023, respondent filed a *pro se* petition, seeking a finding she was fit. The trial court denied the petition.

¶ 3　　　Respondent appealed. This court appointed counsel to represent respondent. Counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing respondent's appeal presents no potentially meritorious issues for review. This court gave respondent the opportunity to respond to the motion, and respondent filed a response. For the reasons that follow, we grant the motion to withdraw and affirm the trial court's judgment.

¶ 4　　　　　　　　　　　I. BACKGROUND

¶ 5    In June 2016, the State filed a petition to adjudicate Z.S. neglected under the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq.* (West 2016)), alleging Z.S. was in an environment injurious to her welfare (705 ILCS 405/2-3(1)(b) (West 2016)) based on respondent's unresolved substance abuse issues. The trial court subsequently adjudicated Z.S. neglected, found respondent unfit, made Z.S. a ward of the court, and placed guardianship and custody with the Illinois Department of Children and Family Services (DCFS).

¶ 6    In September 2018, the State filed a petition to terminate respondent's parental rights. Respondent surrendered her parental rights, and Z.S. was subsequently adopted by respondent's mother. In July 2019, DCFS was discharged as guardian of Z.S., the State's wardship was terminated, and the case was closed.

¶ 7    In July 2023, respondent filed a *pro se* petition, stating she had resolved her substance abuse issues. Respondent wrote Z.S. "is in my life" and that respondent wanted the "chance to get her back." Respondent alleged her 74-year-old mother was too old to keep caring for Z.S. but would stop only if respondent was caring for Z.S. Respondent also alleged her mother wished to put that information in her will.

¶ 8    At a September 7, 2023, hearing, the trial court questioned whether it had jurisdiction over the issue and told respondent she could not get Z.S. back by reopening the case. However, the court also stated it would give respondent the opportunity to address the matter and set a hearing date to address the merits. On another date, the court told respondent it would not be able to restore custody of Z.S. to her, but it suggested perhaps a fitness finding would allow respondent to have unsupervised visitation with Z.S. However, at a November 2, 2023, hearing, the court told respondent it could not order visitation. The court told respondent she would have to talk with her mother about what kind of contact with Z.S. would be appropriate.

¶ 9        On October 5, 2023, the trial court characterized respondent's petition as one requesting the restoration of her fitness. On February 22, 2024, the court conducted a fitness hearing. Respondent presented evidence concerning her fitness, including that she no longer used illegal substances. Meanwhile, the record indicated respondent struggled with depression and anxiety and perhaps used marijuana and whiskey. Respondent testified Z.S. no longer lived with respondent's mother. Instead, Z.S. was living with the mother of a friend of Z.S.'s, and respondent's visitation was limited to two phone calls per week. The record is not clear whether DCFS was involved with the current living location for Z.S., but respondent thought an agency and caseworker were involved. Respondent testified she had an argument with her mother and said the two no longer spoke to each other. Respondent alleged her mother mentally abused Z.S. and was not fit to care for Z.S.

¶ 10        The trial court denied the petition. In doing so, the court stressed that respondent's parental rights had been terminated. The court found respondent had not proved fitness and stated she could refile her petition at a later date, after making additional progress. However, the court also stated the case had been closed and it did not have jurisdiction over Z.S. The court suggested respondent talk to the State and ask them to file something.

¶ 11        This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        Respondent's appellate counsel moves to withdraw. Counsel supports his motion with a memorandum of law providing a statement of facts, a discussion of potential claims, and arguments why those issues lack arguable merit. Notice of counsel's request to withdraw was sent to respondent's last known address. This court advised respondent she had until June 18, 2024, to respond to the motion. Respondent filed a response on June 13, 2024.

¶ 14    Counsel first submits it would be frivolous to argue the trial court erred in denying respondent's petition because the court lacked the authority to reinstate wardship and reopen the case, which would be necessary to grant respondent the relief that she sought. We agree.

¶ 15    Section 2-33(1) of the Juvenile Court Act, titled "Supplemental petition to reinstate wardship," provides, in relevant part:

> "(1) Any time prior to a minor's 18th birthday, pursuant to a supplemental petition filed under this Section, the court may reinstate wardship and open a previously closed case when:
>
>> (a) wardship and guardianship under the [Juvenile Court Act] was vacated in conjunction with the appointment of a private guardian under the Probate Act of 1975;
>>
>> (b) the minor is not presently a ward of the court under Article II of this Act nor is there a petition for adjudication of wardship pending on behalf of the minor; and
>>
>> (c) it is in the minor's best interest that wardship be reinstated." 705 ILCS 405/2-33(1) (West 2022).

¶ 16    The appellate court has held all three conditions listed in section 2-33(1) must be satisfied before a supplemental petition for reinstatement of wardship may be granted. *In re L.W.*, 2018 IL App (3d) 170405, ¶ 18, 102 N.E.3d 812; see *In re Tr. O.*, 362 Ill. App. 3d 860, 866, 840 N.E.2d 1263, 1268 (2005). The court has further applied section 2-33(1) to a petition to restore fitness filed by a respondent after wardship had been terminated and the case had been closed. *L.W.*, 2018 IL App (3d) 170405, ¶¶ 4, 18.

¶ 17          Here, the first condition of section 2-33(1) was lacking. Wardship was not vacated in conjunction with the appointment of a private guardian under the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2022)). Thus, under *L.W.*, the trial court could not reopen the case to restore respondent's fitness. We note the court appeared to recognize that issue even though it did not specifically mention section 2-33(1). In any event, an appellate court may affirm a trial court's judgment on any grounds which the record supports. See *Water Tower Realty Co. v. Fordham 25 E. Superior, L.L.C.*, 404 Ill. App. 3d 658, 665, 936 N.E.2d 1127, 1133 (2010). Accordingly, the trial court properly denied the petition.

¶ 18          Counsel also submits it would be frivolous to argue the trial court erred in finding respondent failed to prove her fitness. In her response, respondent argues she has evidence she could add regarding the issue. However, given the case could not be reopened under section 2-33(1) to address that issue, we need not and do not discuss it. We also express no opinion as to the trial court's suggestion that respondent could possibly proceed under a potential future cause of action, as doing so would be purely advisory. See *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 32, 982 N.E.2d 927 ("The courts of Illinois do not issue advisory opinions to guide future litigation.").

¶ 19          After examining the record, the motion to withdraw, the memorandum of law, and respondent's response, we agree with counsel that this appeal presents no issue of arguable merit. Accordingly, we grant the motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 20                                III. CONCLUSION

¶ 21          For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 22          Affirmed.